**Jay David BECKSTEAD, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 6194.**

United States Court of Appeals
Tenth Circuit.

Nov. 2, 1959.

Ronan E. Degnan, Salt Lake City, Utah (Sanford H. Kadish, Salt Lake City, Utah, on the brief), for appellant.

William J. Adams, Asst. U. S. Atty., Salt Lake City, Utah (A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

Appellant was convicted upon an information charging the transportation in interstate commerce of a stolen automobile, knowing it to have been stolen. Proceeding under section 2 of the Youth Corrections Act, 18 U.S.C. § 5010(e), the court entered an order in the case committing appellant to the custody of the Attorney General for observation and study at a Federal Youth Correctional Institution for a period of sixty days from the date of such order, or such additional time as should thereafter be determined by the court upon the request of the Bureau of Prisons; and providing that within or immediately following such sixty-day period, or additional period, if ordered, appellant should be returned to the court. Within ten days after the entry of such order, appellant filed a notice of appeal therefrom. Reciting that good cause existed to delay processing the appeal until after imposition of final sentence, the court on application of appellant granted an extension. Obedient to the order entered under the Youth Corrections Act, appellant was returned to the court and was sentenced to imprisonment for a period of three years. Notice of appeal was seasonably filed from such judgment and sentence; and both appeals were submitted in this court on a single record.

■ Argument is submitted concerning the question whether the order entered under the Youth Corrections Act is one from which an appeal will lie. But there is no present need to explore the question. After the filing of the notice of appeal, the period of observation and study was completed. The order was fully carried out. No effective relief can now be granted from its entry. And it is the general rule that where events have intervened which preclude the granting of effective relief to the appellant or plaintiff in error, the appeal or proceeding in error will be dismissed. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L. Ed. 293; Leader Clothing Co. v. Fidelity & Casualty Company of New York, 10 Cir., 227 F.2d 574.

■■ Coming to the case on the appeal from the judgment and sentence, it is urged that the court erred in the giving of a supplemental instruction to the jury. In its general charge, the court instructed the jury that the participation of appellant in the transportation of the stolen automobile must have been substantial aid in bringing about the

stituting parts of a common scheme or plan."

Rule 8(b) is quoted in the text of the opinion.

crossing of the state line with such automobile. About three and one-half hours after the jury retired to deliberate upon their verdict, they sent to the court a written communication in the nature of a request for an additional instruction for clarifying purposes. The crucial part of the communication read:

"The word 'substantial' was used during your instruction to the jury. Was this word used relative to the amount of evidence and/or the amount of assistance rendered in transporting the car from California to Utah?"

Given in response to the inquiry made by the jury, the pivotal part of the supplemental instruction of which complaint is now made was:

"You are instructed that, as far as the amount of evidence is concerned, there is substantial evidence from which you could find that there was an aiding and abetting. It is for you to determine whether you so find. You need not find that as far as the evidence is concerned, but, as I say, there is substantial evidence before you from which you could find that."

The accuracy of the statement in the instruction that there was substantial evidence from which there could be found substantial contribution to the interstate transportation of the automobile is not challenged. On the contrary, it is stipulated that such statement was factually correct and supported by the evidence. The essence of the argument is that in effect the instruction was on the sufficiency of the evidence and therefore it took from the jury the prerogative and function of determining such issue of fact. In its general charge, the court made it too clear for doubt that the jury were the sole judges of the facts. In addition to charging the jury with commendable care that they were the sole judges of the facts proved, the court charged that federal judges are permitted in appropriate cases to comment on the weight or effect of the evidence, so long as it is clear that the jury, and not the court, are the sole judges of the evidence and the facts proven. And the court further charged the jury in that connection that it had made some comments about the evidence, not with any intent to usurp the responsibility of the jury, but merely for the purpose of directing the attention of the jury to what the court conceived to be the nub of the case in order that they might better understand the issues for their determination. The supplemental instruction must be considered as a whole. A single sentence therein is not to be lifted out of context and considered separate and apart from the remainder. And the supplemental instruction must be considered along with the general charge previously given. The court did not instruct the jury that the evidence was sufficient to establish aiding and abetting in the transportation of the stolen automobile. Instead, the court instructed the jury that there was substantial evidence from which the jury could make such a finding. And straightway, the court added that it was for the jury to determine whether they so found. Moreover, the court further instructed the jury that they need not so find as far as the evidence was concerned. And finally, the court added that there was substantial evidence before the jury from which they could find that fact. When the supplemental instruction is viewed as a whole along with the general charge previously given, we think it was a comment on the evidence rather than a judicial determination that there was sufficient evidence establishing substantial aid in the transportation of the stolen automobile. Too, we think the instruction made it clear to the jury that it was for the jury to determine the question whether the evidence was sufficient to show that appellant rendered substantial aid in the transportation of the automobile. And being a comment upon the evidence in which it was made clear that the question of fact was for the

jury, the giving of such instruction did not constitute error.

The appeal from the order entered under the Youth Corrections Act is dismissed; and the judgment is affirmed.