Clyde Leon **RICHARDS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18320.

United States Court of Appeals
Ninth Circuit.

June 3, 1963.

**640**

Kenneth J. Levy, San Francisco, Cal., for appellant.

John W. Bonner, U. S. Atty., Thomas R. C. Wilson II, and Melvin D. Close, Jr., Asst. U. S. Attys., Las Vegas, Nev., for appellee.

Before ORR, HAMLEY and BROWNING, Circuit Judges.

1. The record reads as follows:

"DEFENSE COUNSEL: The defendant, acting within his constitutional rights, declines to appear as a witness in his own behalf, and the defense has no further witnesses so we rest our case.

"THE COURT: So there won't be any mistake, I would like to discuss this matter with counsel.

(Thereupon, the following proceedings were then had out of the presence of the jury and with the defendant present together with his counsel:)

"THE COURT: I want to tell you you do not have to take the stand if you do not want to. But I want to tell you this, that I think you are in a very difficult position if you do not take the stand. You indicated to me earlier today that you were concerned about this case.

"DEFENDANT RICHARDS: Yes, sir.

"THE COURT: You thought that you were being railroaded to jail. If these witnesses have given false testimony, I think you may want to deny the statements because this way you are letting the statements of the officers go unchallenged.

"I do not ordinarily do this, but in view of the conversation that we had today and in view of your concern that your constitutional rights might not be protected and my statements to you that I would not rely solely on what the jury would do. If I came to the conclusion

BROWNING, Circuit Judge.

1. When the government closed its case in appellant's trial for violation of the Dyer Act (18 U.S.C.A. § 2312), appellant's retained counsel announced that appellant would not take the stand. Out of the presence of the jury, the court then told appellant that he did not have to take the stand but, in effect, advised appellant to waive his privilege and testify.[1] Appellant did so.

On cross-examination appellant was compelled to testify that he had been convicted of two felonies, including a prior violation of the Dyer Act. Appellant had mistakenly supposed that he could not be questioned regarding his prior record. He was so disconcerted when advised to the contrary that he volunteered, in the presence of the jury, that in his own opinion his compelled testimony as to his prior offenses "cer-

that you are not guilty of the charge made in the indictment, even though the jury might find you guilty, I would certainly see to it that the judgment and verdict were set aside or other disposition made. Your election to rely on the fifth amendment is a proper one and you can do that. But if I were the one who was making a determination of the facts, I could only do one thing and that is find you guilty, and I fear the jury is going to do the same thing.

"Now, I do not tell you what to do. I know that some very damaging testimony came out about your use of other names and other things. I don't know what other information would come out as to why you left Corpus Christi, but you must make the determination yourself. But I didn't want Mr. Stewart to waive for you. I didn't want him to waive without talking to you and telling you precisely what you were up against.

"DEFENSE COUNSEL: Yes, your Honor, I would like to have the records show, and I have pointed out to the defendant exactly what you have told him, and I would like the record to show that the defendant answers in his own words.

"DEFENDANT RICHARDS: I will take the stand then.

"DEFENSE COUNSEL: Are you changing your mind then?

"DEFENDANT RICHARDS: Yes.

"DEFENSE COUNSEL: Fine. That is your privilege."

tainly helps to prove" that he committed the offense charged.[2]

■ We do not question the broad power of the trial court to take affirmative action to protect the rights of the accused in a federal criminal trial. See Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680 (1942). However, when the court undertakes to give a defendant specific advice as to the conduct of his defense, the court is first bound to assure itself that it is in possession of the facts necessary to formulate advice which is sound, and that the defendant has sufficient knowledge of the relevant considerations to act intelligently in accepting or rejecting the proffered counsel.

■ Here the court was apparently unaware of appellant's prior record (a factor of no small importance in forming a sound judgment as to whether it was in appellant's interest to testify), and appellant was unaware of the fact that he could be questioned regarding his prior convictions. Thus, because the court failed to properly inform either

itself or appellant, advice on a matter vital to appellant was offered and accepted in ignorance of facts essential to intelligent judgment by either.

The court therefore erred, and the error was prejudicial. The court's advice, being uninformed, was as likely to be bad as good, and appellant's uninformed decision to accept it could be no better.

2. Appellant also contends that the court's instructions permitted the jury to convict even if it concluded that appellant had not formed an intent to steal the rented car until after the interstate journey had ended.

The statute requires that the vehicle be transported in interstate commerce with knowledge that it has been stolen. See Sadler v. United States, 303 F.2d 664, 665 (10th Cir. 1962); Evans v. United States, 240 F.2d 695, 696 (10th Cir. 1957). We have no doubt that the trial court will avoid any possible ambiguity on this score in framing its instructions at the new trial.

Reversed.

---

2. This portion of the cross-examination was as follows:

"Q * * * Have you ever been convicted of a felony, Mr. Richards?

"A I refuse to answer that on the ground it could tend to incriminate me.

"THE COURT: That does not incriminate you.

"THE WITNESS: I beg your pardon?

"THE COURT: That does not incriminate you.

"THE WITNESS: Well, I don't know these things.

"THE COURT: No, that is a question that he can properly ask you.

"THE WITNESS: Well, I was under the impression that they couldn't ask me questions like that. I am not on trial for that.

"THE COURT: You are not on trial for that, but once you take the stand, then all of the matters of your background are legitimate questions, and the question of your conviction of a felony goes to your credibility. That is the only purpose for which it is to be used.

"For example, the fact that you were convicted of a crime five years ago or two years ago or one year ago is not going

to prove that you committed the offense charged in the indictment.

"THE WITNESS: It certainly helps to prove it, I think—I'm sorry, I am out of line. I didn't mean to say that.

"THE COURT: Do you have certified copies?

"PROSECUTOR: I have the F.B.I. sheet. To show good faith, your Honor, I would like the opportunity of requiring defendant's examination on this matter.

"THE COURT: You cannot do that.

"Will you answer the question: Were you convicted of a felony?

"THE WITNESS: Yes, sir.

"PROSECUTOR: Q And what for?

"A For the Dyer Act.

"Q Were you ever convicted of any other felony?

"A Yes.

"Q What for?

"A I was convicted for prison breach.

"THE COURT: I think you have gone into that enough now.

"PROSECUTOR: I have nothing further, your Honor.

"DEFENSE COUNSEL: No further questions.

"THE COURT: That is all."