Ronald Edward MENTER, Sr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18050.

United States Court of Appeals
Fifth Circuit.

Sept. 7, 1960.

Dorothy R. Cowen, New Orleans, La.,
for appellant.

Monroe Northrop and Robert C. Maley,
Jr., Asst. U. S. Attys., Houston, Tex., for
appellee.

Before RIVES, Chief Judge, and
CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from the conviction
of appellant Menter on a two count indictment,
Count One charging interstate
transportation of a stolen automobile in
violation of § 2312, Title 18 U.S.C.A.,[1]
and Count Two charging unlawful flight
to avoid prosecution in violation of §
1073, Title 18 U.S.C.A.[2] Appellant re-

---

1. "Transportation of stolen vehicles
"Whoever transports in interstate or
foreign commerce a motor vehicle or aircraft,
knowing the same to have been
stolen, shall be fined not more than $5,-
000 or imprisoned not more than five
years, or both."

2. "Flight to avoid prosecution or giving
testimony
"Whoever moves or travels in interstate
or foreign commerce with intent
either (1) to avoid prosecution, or custody
or confinement after conviction, under
the laws of the place from which he

ceived a five year sentence under each count, the sentences to run concurrently.

The substantial facts of this case are as follows:[3] appellant Menter was convicted for the December 30, 1955 murder of a college student who had befriended Menter, a hitchhiker, by giving him a ride. Following the slaying Menter immediately fled the State of Texas in his victim's automobile, finally being apprehended in New Jersey. In 1959, when his sentence for the murder had been served, this two-count indictment was returned against him in the court below.

The appellant urges upon this Court several contentions,[4] but for the purposes of this appeal we feel that we may limit ourselves to consideration of only one of them, to-wit, that the court erred in finding appellant guilty of transporting the motor vehicle knowing it had been stolen.[5]

■■■ We are convinced beyond doubt that the evidence presented to the court below renders this position of appellant entirely untenable. He readily admitted taking the car and driving it from Texas to New Jersey. His only defense to this violation of the federal statute is that he did not "steal" the automobile, within the meaning of common law larceny, but merely used it for transportation. In support of this argument the appellant cites cases from several circuits in an attempt to show a divergence of opinion as to the correct definition of the word "stolen." Whatever difference of opinion on this question there may have been among the circuits, we feel was resolved by the Supreme Court in the case of United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430. In the syllabus to that case it was said:

"In the National Motor Vehicle Theft Act, 18 U.S.C. § 2312, which makes it a federal crime to transport in interstate or foreign commerce a motor vehicle, 'knowing the same to have been stolen,' the word 'stolen' is not limited to takings which amount to common-law larceny, but it includes all takings of motor vehicles with a criminal intent to deprive the owner of the rights and benefits of ownership." [6]

In the case before us the appellant, after killing his victim, proceeded to dispose of the body so that it could not be found; he then took the vehicle from Texas to New Jersey with full knowledge that it did not belong to him, this action being unquestionably without the true owner's consent and evidencing an intention by the appellant to deprive the owner of the beneficial use thereof. During his trip to New Jersey Menter pawned three pistols and a camera found in the car, attempted to sell the hubcaps from the vehicle and, when apprehended, was also attempting to sell its radio. These facts were all admitted by appellant testifying at his trial, as well as the fact that the use of the vehicle, the sales and attempted sales were all without the

---

flees, for murder, kidnaping, burglary, robbery, mayhem, rape, assault with a dangerous weapon, or extortion accompanied by threats of violence, or attempt to commit any of the foregoing offenses as they are defined either at common law or by the laws of the place from which the fugitive flees * * *."

3. The appellant was convicted of murder without malice in the Texas state courts and was sentenced to imprisonment for five years, which sentence was satisfied with good time credits prior to the beginning of this prosecution.

4. (1) That appellant was denied a speedy trial as guaranteed by the Sixth, and due process under the Fifth Amendments of the Constitution of the United States; (2) that the Government's case failed to establish the guilt of appellant; (3) that the court below erred in finding the appellant guilty of unlawful flight, as this finding was contrary to the law and the evidence; (4) that the court below erred in finding appellant guilty of interstate transportation of a stolen motor vehicle, as this finding was contrary to the law and the evidence.

5. Note 1 supra.

6. See also in this connection United States v. Nedley, 3 Cir., 1958, 255 F.2d 350; Costello v. United States (Cannella v. United States), 8 Cir., 1958, 255 F.2d 389.

owner's consent. These facts, in our opinion, make out a clear case under the quoted statute and amply sustain the jury's verdict.

 Inasmuch as the sentence under § 2312, Title 18 U.S.C.A. would be sufficient to justify the entire punishment imposed on appellant, it is unnecessary to consider his argument based upon the charge of unlawful flight to avoid prosecution. We find the remaining contentions to be completely without merit and the judgment of the court below is affirmed.

Affirmed.