Leif **TANDBERG–HANSSEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6415.**

United States Court of Appeals
Tenth Circuit.

Nov. 1, 1960.

**332**

Forrest E. Cook, Denver, Colo., for appellant.

Donald G. Brotzman, U. S. Atty., Denver, Colo. (Jack K. Anderson, Asst. U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing two counts was returned against Tandberg-Hanssen, hereinafter called the defendant, for violations of the Dyer Act, 18 U.S.C. § 2312.

The first count charged the transportation of a stolen motor vehicle in interstate commerce from Salt Lake City, Utah, to Steamboat Springs, Colorado. The second count charged the transportation of a stolen motor vehicle in interstate commerce from Denver, Colorado, to Pittsburgh, Pennsylvania. At the trial a verdict of not guilty was returned on Count One and of guilty on Count Two. The defendant filed a motion for a judgment of acquittal under Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., as to Count Two, or in the alternative for a new trial. The motion was denied and the defendant was sentenced to imprisonment for a term of one year and one day on Count Two.

The defendant has appealed and seeks reversal on the ground that the evidence was insufficient to sustain a conviction on Count Two. The contention is predicated on the theory that since defendant was acquitted on Count One, only the evidence relating to Count Two should be considered in determining whether the court erred in denying the motion for judgment of acquittal.

The evidence adduced at the trial established these facts:

On June 28, 1959, the defendant rented an automobile from the Hertz Rent-a-Car agency at the Salt Lake City Municipal Airport. He used a Hertz credit card to obtain the automobile. Such automobile was exchanged by defendant for a convertible at the downtown Salt Lake City Hertz office. The defendant advised the Hertz representative at the airport that the automobile would be used locally, only, and gave such representative a local address. Thereafter, on or about August 6, 1959, the defendant drove the convertible to Steamboat Springs, Colorado. He remained at Steamboat Springs for about six weeks. He told William G. McAndrew, part owner and operator of the lodge where he was staying, that the convertible was his and that he had purchased it for cash in Salt Lake City.

While the defendant was staying at the lodge in Steamboat Springs, the convertible was damaged. On Monday, September 14, 1959, Mr. and Mrs. McAndrew transported the defendant to Denver in their automobile. The convertible was recovered at the lodge by an agent of the Federal Bureau of Investigation about October 1, 1959.

On the night of September 14, 1959, McAndrew and Mrs. McAndrew drove the defendant to the Stapleton Airport in Denver, where he rented an Oldsmobile from the Hertz Rent-a-Car agency at the airport. The defendant inquired of the Hertz agent at the airport whether he could use the automobile to go to Chicago and was told that the Oldsmobile was for local use, only, but if he would bring it back the next day the agent would try to get him another automobile to drive to Chicago. The rental contract provided that the automobile should be returned on September 15, 1959. On September 15, 1959, the McAndrews both rode in and drove the Oldsmobile in company with the defendant in Denver. On the evening of September 15, 1959, the defendant in McAndrew's presence called the Hertz representative at the airport and asked permission to drive the Oldsmobile to Chicago. At about midnight, September 15, 1959, the defendant drove the Olds-

mobile easterly along East Colfax Avenue and continued easterly along U. S. Highway 40. On September 17 or 18, 1959, McAndrew received a telegram from the defendant, sent from Pittsburgh, Pennsylvania. He immediately notified the Federal Bureau of Investigation agent of that fact. On September 19, 1959, the defendant was arrested in Pittsburgh. The Oldsmobile was found in a parking garage in Pittsburgh.

The general rule is that evidence that the accused committed another crime independent of and unconnected with the one for which he is on trial is inadmissible. However, the general rule is subject to a number of well-recognized exceptions. Evidence of another crime is admissible where it tends to establish a common scheme, plan, system, design, or course of conduct and where such other crime is so related to the crime charged that it tends to establish the latter, or tends to establish motive, intent, or absence of mistake or accident.[1] We are of the opinion that the instant case falls within the exception and that the evidence introduced to establish the offense charged in Count One was also admissible to establish the offense charged in Count Two.

The word "stolen," as used in 18 U.S.C. § 2312, is not limited to situations which at common law would be considered larceny. It includes all takings with a criminal intent to deprive the owner of the rights and benefits of ownership.[2] Even if the possession of the automobile in the first instance by the defendant is lawful, the offense is committed if the defendant forms an intent to deprive the owner of the rights and benefits of ownership, converts the automobile to his own use and thereafter transports it in interstate commerce.[3]

It is our opinion that the evidence was sufficient to warrant the jury in finding that the defendant stole the automobile, as charged in Count Two, and thereafter transported it in interstate commerce.

Affirmed.

1. Smith v. United States, 9 Cir., 173 F. 2d 181, 185; Kowalchuk v. United States, 6 Cir., 176 F.2d 873, 878; Kempe v. United States, 8 Cir., 151 F.2d 680, 688; Brehm v. United States, 90 U.S.App.D.C. 370, 196 F.2d 769, 771, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652; Jones v. United States, 10 Cir., 251 F.2d 288, 294, certiorari denied 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715; Harbold v. United States, 10 Cir., 255 F.2d 202, 204; Doty v. United States, 10 Cir., 261 F.2d 10, 13.

2. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430.

3. Davilman v. United States, 6 Cir., 180 F.2d 284; Wilson v. United States, 6 Cir., 214 F.2d 313.