**James Ernest GERBER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6570.**

United States Court of Appeals
Tenth Circuit.

Feb. 17, 1961.

James W. Wilson, Denver, Colo. (Wilson, Boltz, Lutz & Sell, Denver, Colo., on the brief), for appellant.

Charles M. Stoddard, Asst. U. S. Atty., Denver, Colo. (Donald G. Brotzman, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

The information in this case—drawn under 18 U.S.C. § 2312—charged that appellant transported a stolen automobile from Las Vegas, Nevada, to Steamboat Springs, Colorado, knowing it to have been stolen. Trial by jury was waived and the cause was tried to the court. Appellant was found guilty and sentenced to imprisonment.

The sufficiency of the evidence to establish a crime is challenged. It is now settled law that the statute, supra, is not limited in scope to the taking of a motor vehicle which amounts to com-

mon-law larceny. Instead, it brings within its ambit an embezzlement or other felonious taking with intent to deprive the owner of the rights and benefits of ownership. It is an offense under the statute if the accused acquires possession of an automobile in the first instance in a lawful manner but later forms an intent to deprive the owner of the rights and benefits of ownership thereof, converts the vehicle to his own use, and thereafter transports it in interstate commerce. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331.

█ Evidence was adduced which tended to establish these facts and circumstances. Appellant resided in Denver, Colorado. He borrowed from an insurance company all the money obtainable on two insurance policies and left later in the day as a passenger on a commercial airplane for Las Vegas, Nevada. Immediately after arriving in Las Vegas at about midnight, he obtained possession of an automobile under a rental lease contract. At the time he obtained such possession, he falsely stated that he was employed by a certain company in Denver. And he gave a false home address in Denver. Under the lease agreement, the automobile was not to be driven outside the State of Nevada, unless otherwise specified in such agreement; and there was nothing in the agreement which authorized the driving of the vehicle outside of that state. After obtaining the automobile, appellant registered at a hotel in Las Vegas, giving an address in San Francisco, California, which was false. After becoming almost penniless as the result of gambling, appellant left Las Vegas in the automobile bound for Denver. Without permission of the rental agency to take the automobile outside the State of Nevada, he drove it from Las Vegas into the State of Utah and thence into the State of Colorado. At about the time he left Las Vegas, he sold the spare tire and wheel from the vehicle; and at some point in Utah, he sold the radio which was in it. He was ap-

prehended at Steamboat Springs, Colorado. After being apprehended, he told an officer that he stole the automobile. While appellant lawfully obtained possession of the vehicle, the evidence was abundantly sufficient to show that he later formed an intent to embezzle it and in furtherance of such purpose, transported it in interstate commerce. Such acts in their totality constituted an offense under the statute. United States v. Turley, supra; Tandberg-Hanssen v. United States, supra.

The judgment is affirmed.