William Ernest SADLER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6901.

United States Court of Appeals
Tenth Circuit.

April 26, 1962.

Alfred P. Murrah, Jr., Oklahoma City, Okl., for appellant.

Gerald R. Miller, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant Sadler guilty of violating the National Motor Vehicle Theft Act, 18 U.S.C. § 2312, and the court sentenced him to a 4-year term of imprisonment. To reverse the judgment he asserts that the evidence was insufficient, that testimony of admissions by him was improperly received, and that the trial judge, in his instructions to the jury, erroneously commented on the evidence.

The charge is based on the transportation by Sadler of a rented Chevrolet automobile from Laredo, Texas, to Salt Lake City, Utah. The evidence is claimed to be deficient in that there is a failure of proof that, prior to the termination of the interstate journey, Sadler had any intent to deprive the owner of the car wrongfully.

Sadler testified in his own behalf. He was paroled from the United States Penitentiary at Leavenworth, Kansas, on July 1, 1961, with instructions to report to the federal probation officer at Savannah, Georgia. Instead of going to Savannah he went to Louisiana and Texas, assertedly in search of employment. He realized that by so doing he violated his parole. On July 15, 1961, at Laredo, Texas, he rented a Chevrolet from a Hertz agency. A Hertz employee testified that when Sadler got the car he said that he wanted it for three or four hours and would return it the same day. The rental agreement provided for the return of the car on the same day but Sadler denied that this provision was written into the agreement when he signed it. Sadler testified that he drove the car from Laredo to San Antonio where he tried to return the car to Hertz but found the office closed. A government witness testified that the San Antonio office of Hertz was open when Sadler said that he tried unsuccessfully to return the car. According to Sadler, he drove north out of San Antonio and prayed for guidance as to what he should do. Thereafter he drove to Salt Lake City, arriving there on July 18, 1961.

After he had found a Utah driver's license which fitted his description and bore the name of one Conway, he bought a car which could not be driven, obtained license plates for it in the name of Conway, and placed those plates on the rented Chevrolet. Sadler said that he intended to park the car near the Salt Lake City agency for Hertz, call that agency, report the location of the car, watch from a near-by vantage point to see if Hertz

picked up the car, and then when his economic position bettered to pay Hertz the rental charges. Before he could do this he was arrested by Salt Lake City police and charged as a federal parole violator.

■■ The interstate transportation of an embezzled automobile with knowledge of the felonious taking is a violation of § 2312.[1] The claim here presented is that there is no evidence of any intent to embezzle and that if such intent be inferred from the evidence, a finding that the intent was formed prior to the end of the trip violates the rule against the pyramiding of inferences.[2] The term "inference" as used in that rule must not be confused with a fact proved by circumstantial evidence. A fact, although arrived at by indirect or circumstantial evidence, may serve as the basis of an inference.[3]

■■ This case is not like Rosenberg v. United States, supra, where the use of the mails had to be first inferred and then the inference drawn that the defendant had caused the mails to be used. To convict Sadler three essentials had to be established, the felonious taking of the car, knowledge of that felonious taking, and an interstate transportation thereafter. From the facts proved, a felonious taking may have been reasonably inferred. Knowledge of that taking was contemporaneous with the taking as the individual who took the car is the one charged with the knowledge. Further, there was evidence of events which occurred before the interstate transportation was concluded which supported the inference of the taking. Thus the jury's determination of the time of the taking depended independently upon

1. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; Gerber v. United States, 10 Cir., 287 F.2d 523; Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331.

2. See Rosenberg v. United States, 10 Cir., 120 F.2d 935, 937.

3. Gallegos v. United States, 10 Cir., 237 F.2d 694, 698. See also Fegles Const. Co. v. McLaughlin Const. Co., 9 Cir., 205 F.2d 637, 640; E. K. Wood Lumber Co. v. Andersen, 9 Cir., 81 F.2d 161, 166, certiorari denied 297 U.S. 723, 56 S.Ct. 669, 80 L.Ed. 1007. The rule against "inference upon an inference" has been severely criticized by text writers. See 1 Wigmore on Evidence, 3rd Ed. § 41, p. 434 et seq. Cf. the A.L.I. Model Code of Evidence, Rule 303, which forbids the receipt of evidence of comparatively slight probative value.

the resolution of the truth of this evidence and did not necessarily grow out of the inference of the taking. The instructions of the court covered the situation thoroughly and are not objected to as an incorrect statement of the law. The evidence to sustain the jury verdict is substantial and we may not set that verdict aside.[4]

On the day after his arrest and while he was being held as a parole violator, Sadler was interviewed by an F. B. I. agent who advised him of his constitutional rights and questioned him about the rented car. At the trial the agent testified as to the statements then made by Sadler. No objection was made to that testimony and Sadler later took the stand in his own behalf. His testimony does not differ in any important respect from that given by the agent but enlarges thereon. In the circumstances there is no basis for any claim of error.[5] Reliance on McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, is misplaced. Sadler was legally in custody as a parole violator. While the record does not disclose the exact time when Sadler was turned over to the federal authorities by the Salt Lake City police, Sadler was arraigned before a United States commissioner on the · § 2312 charge on July 28, 1961, the same day the charge was filed.

The contention that the trial court exceeded the permissible bounds of discretion in commenting on the evidence in his instructions to the jury is without merit. There was no expression of opinion of guilt as required a reversal in Davis v. United States, 10 Cir., 227 F.2d 568. Instead the trial judge made a fair and accurate statement of the evidence in an impartial, dispassionate and judicial manner and by clear and specific language told the jurors that they should exercise their independent and untrammelled judgment in determining the facts. This complies with the rule which has long applied in this circuit.[6]

Affirmed.

---

4. Cummings v. United States, 10 Cir., 289 F.2d 904, certiorari denied 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48.

5. See O'Dell v. United States, 10 Cir., 251 F.2d 704, 708.

6. Minner v. United States, 10 Cir., 57 F.2d 506, 513. See also Beckstead v. United States, 10 Cir., 272 F.2d 571, 573–574, and Bartlett v. United States, 10 Cir., 166 F.2d 928, 932.