**Richard Bernard COMPTON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17718.**

United States Court of Appeals
Ninth Circuit.

June 27, 1962.

Thomas J. Williams, San Francisco, Cal., for appellant.

John W. Bonner, U. S. Atty., Las Vegas, Nev., and Thomas R. C. Wilson, II Asst. U. S. Atty., Reno, Nev., for appellee.

Before MATHEWS, MERRILL and DUNIWAY, Circuit Judges.

MATHEWS, Circuit Judge.

On April 5, 1961, in the United States District Court for the District of Nevada, appellant, Richard Bernard Compton, was indicted for violating 18 U.S. C.A. § 2312 [1] by transporting from Santa Barbara, California, to Las Vegas, Nevada, on or about October 9, 1960, a motor vehicle—a 1950 Cadillac, identification No. 506151194—knowing it to have been stolen.

Appellant was arraigned, pleaded not guilty and had a jury trial. At the close

[1.] Section 2312 provides: "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

of all the evidence,[2] appellant moved for a judgment of acquittal. The stated ground of the motion was, in substance, that the evidence was insufficient to sustain a conviction. The motion was denied, appellant was found guilty, and a judgment of conviction was entered, sentencing appellant to be imprisoned for five years. This appeal is from that judgment. Two alleged errors are complained of.

■ First. Appellant says that the trial court erred in refusing to give the jury the following instruction requested by appellant:

"The jury are instructed that when a man's conduct may be consistently, and as reasonably from the evidence, referred to two motives, one criminal and the other innocent, it is your duty to presume that such conduct is actuated by the innocent motive, and not by the criminal."

As indicated, the requested instruction dealt with the subject of presumption of innocence. On that subject, the trial court instructed the jury as follows:

"The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a 'clean slate'—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence in the case. * * * A presumption continues in effect until overcome or outweighed by evidence to the contrary; * * * unless so outweighed, the jury are bound to find in accordance with the presumption. Unless and until outweighed by evidence to the contrary, the law presumes that a person is innocent of crime or wrong; * * * and that the law has been obeyed."

Thus the subject of presumption of innocence was adequately covered by the instructions given. There was therefore no error in refusing to give the requested instruction.[3]

■ Second. Appellant says that the trial court erred in denying his motion for a judgment of acquittal. Thus appellant challenges the sufficiency of the evidence to sustain his conviction. The evidence showed the following facts:

On September 12, 1960, and at all pertinent times thereafter, the vehicle mentioned in the indictment was owned by James and Stella Anthes, husband and wife, residents of Santa Barbara, California. At Santa Barbara, on an undisclosed date between September 12, 1960, and October 11, 1960, appellant borrowed the vehicle from the owners James and Stella Anthes, took possession of it with their consent and returned it to them the day he borrowed it. Thereafter, at Santa Barbara, on or before October 18, 1960, appellant again borrowed the vehicle from the owners, took possession of it with their consent and promised to return it to them the day he borrowed it. However, instead of keeping his promise, appellant, on or before October 18, 1960, without the owners' knowledge or consent, transported the vehicle from Santa Barbara to Las Vegas, Nevada. There, on October 18, 1960, without the owners' knowledge or consent, appellant sold and delivered the vehicle to a used-car dealer.

From these facts the jury could reasonably infer that when appellant last took possession of the vehicle at Santa Barbara, he had no intention of returning it to the owners, but took possession of it with intent to deprive the owners of the rights and benefits of ownership. If so, the vehicle then and there became a stolen vehicle, within the meaning of

2. No evidence was offered by appellant.

3. Canella v. United States, 9 Cir., 157 F.2d 470; Nye & Nissen v. United States, 9 Cir., 168 F.2d 846; D'Aquino v. United States, 9 Cir., 192 F.2d 338; McFee v. United States, 9 Cir., 206 F.2d 872; Lemke v. United States, 211 F.2d 73, 14 Alaska 587.

18 U.S.C.A. § 2312;[4] was a stolen vehicle when transported by appellant from Santa Barbara to Las Vegas; and, when so transported, was known by appellant to have been stolen. This is true despite the fact that appellant's taking possession of the vehicle was consented to by the owners and hence did not constitute common-law larceny.[5]

We conclude that the evidence was sufficient to sustain appellant's conviction, and that his motion for a judgment of acquittal was properly denied.

Judgment affirmed.

**4.** United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; O'Dell v. United States, 10 Cir., 251 F.2d 704; Miller v. United States, 4 Cir., 261 F.2d 546; Brown v. United States, 8 Cir., 277 F.2d 201; Menter v. United States, 5 Cir., 282 F.2d 143; Tandberg-Hanssen v. United States, 10 Cir., 284 F.2d 331.

**5.** See cases cited in footnote 4.