Henry LAKE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7692.

United States Court of Appeals Tenth Circuit.

Nov. 30, 1964.

mobile from Pomona, California to Denver, Colorado, knowing the same to have been stolen, in violation of the National Motor Vehicles Theft Act, 18 U.S.C. § 2312.

The uncontroverted and operative facts are as follows: One DeZeeuw, a resident of Pomona, California and owner of the subject automobile, advertised the car for sale in a local newspaper, to anyone who would agree to assume the payments on the chattel mortgage. Lake, posing as Richard Baker, appeared at the owner's home one evening to accept the offer and purchase the automobile. He informed the owner that he had been in the car business for 23 years, was familiar with such transactions, and had taken the liberty of securing the proper transfer documents in order to expedite the sale. After some discussion in which Lake indicated his desire to pay off the mortgage rather than assume the monthly installments, the owner signed a bill of sale, gave Lake the keys to the car and the certificate of registration. Lake then drove the subject automobile away as his own. No payments were made on the mortgage, nor did Lake ever contact the finance company to explain his failure to do so. He drove the car into several states, including Colorado, and when approximately four months later he was involved in a Kansas automobile accident, the car was there abandoned. Lake was subsequently arrested and charged.

The gist of appellant's argument on appeal is that he acquired unqualified possession and title to the automobile upon his promise to discharge the obligations of the mortgage at some future time and the car could not, therefore, have been "stolen" as that word is used in the statute. In other words, he simply says that he obtained possession and title for his promise to pay and that it is not a crime to default his obligation.

■ It is now well-settled that "stolen" as used in this statute includes "all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes

Gwendolyn H. Gregory, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., and David I. Shedroff and James A. Clark, Asst. U. S. Attys., on brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

MURRAH, Chief Judge.

Appellant-Lake was tried before a jury and convicted on an Indictment charging him with transporting a stolen auto-

common-law larceny." United States v. Turley, 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430. Thus, a felonious taking may be effected by diverse means known to both common and statutory law, such as larceny, embezzlement, false pretenses, larceny by trick and other types of wrongful acquisition. Most of the adjudicated cases involve situations wherein possession without title is lawfully obtained and the jury is permitted to infer a felonious taking from evidence of a subsequent conversion. See: Tandberg-Hanssen v. United States (10 CA), 284 F.2d 331; Gerber v. United States (10 CA), 287 F.2d 523; Sadler v. United States (10 CA), 303 F.2d 664; O'Dell v. United States (10 CA), 251 F.2d 704; and Smith v. United States (9 CA), 233 F.2d 744. The requisite fraud or trickery may also be inferred at the inception of the transaction from the fact of a bogus or worthless (insufficient funds) check given in exchange for title and possession. See: Landwehr v. United States (8 CA), 304 F.2d 217; and Cf. Hand v. United States (10 CA), 227 F.2d 794.

The instructions of the trial Court have not been brought forward on the record before us, nor are any objections to them noted. We will assume, therefore, that the Court properly instructed the jury in accordance with applicable decisional law to the effect that the statutory word "stolen" includes any taking by trick or other artifice with an intent to deprive the owner of the rights and benefits of ownership. And, that the jury was told in substance that if they believed, beyond a reasonable doubt, that at the time of the transaction, the defendant Lake had formed the intent to obtain possession and title to the automobile by representing to the owner that he would pay the mortgage indebtedness without any intention of doing so, the taking was felonious; and, that if they further found that the defendant thereafter transported the automobile in interstate commerce and willfully failed to make any payments on the indebtedness, he should be found guilty of the offense charged in the Indictment.

In its Order denying the motion for new trial, the trial Court expressed the view " * * * that there was sufficient evidence presented to the jury from which it could be concluded that the defendant Lake formed the intent to fraudulently obtain possession of the car in question by representing to the rightful owner that he would take over the payments to the finance company;" and " * * * that Lake neither made any payments to the finance company nor explained his failure to do so. To the contrary, Lake drove the car in several states, finally abandoning it after it was involved in a collision."

In the posture in which the case comes to us, we will not say that the promise to assume and pay an outstanding mortgage indebtedness may not be the fraudulent means for obtaining possession and title of an automobile so as to constitute a felonious taking. We are certain, however, that the mere fact of default on the promise to pay at some future time will not justify an inference of the requisite fraudulent intent. We have found no case construing the statute quite so broadly. If the mere default on a promise to pay, in and of itself, is sufficient evidence of fraudulent intent, then every defaulting debtor is a potential criminal. There is, to be sure, a discernible difference between obtaining the possession and title in exchange for a bogus or worthless check and a promise to assume an obligation to be discharged at some future time. The worthless or bogus check is, in and of itself, evidence of the misrepresentation of an existing fact giving rise to an inference of inceptive fraud. The mere default of a promise to pay is not.

While the fact of default is, in and of itself, insufficient upon which to rest the fraudulent intent, we do not consider that fact in isolation, but in context with all the facts and circumstances which may have some bearing on the accused's state of mind at the time of the

transaction. The trial Court apparently determined the legal sufficiency of the evidence from the fact of the defaulted payments together with the surreptitious retention of possession for four months and until the car was wrecked and abandoned. We cannot say that the trial Court's judgment on the sufficiency of the facts to support the inference of fraudulent intent is legally insufficient.

Affirmed.