Robert John **JOHNSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**No. 9473.**

United States Court of Appeals
Tenth Circuit.

Oct. 9, 1967.

William D. Jochems, Denver, Colo.,
for appellant.

Thomas C. Seawell, Asst. U. S. Atty.,
Denver, Colo. (Lawrence M. Henry, U.
S. Atty., Denver, Colo., on the brief), for
appellee.

Before PICKETT, HILL and HICK-
EY, Circuit Judges.

HILL, Circuit Judge.

This direct appeal from a jury con-
viction and sentence for violation of the
Dyer Act raises the sole question of the
sufficiency of the evidence to sustain the
conviction.

The government's evidence was brief,
to the point and may be quickly sum-
marized. It reflects that on December
5, 1966, appellant took an automobile be-
longing to a girl friend to a garage in
Cincinnati, Ohio, to be repaired. The
garage maintained a rent-a-car system
and appellant there rented the car in
question under a written rental agree-
ment. The agreement, signed by appel-
lant, provided, among other provisions,

that the rented car should be returned to the rental agency on December 8, 1966, the date the repair work on the other car was to be completed. The car was not returned on December 8 and the whereabouts of appellant remained undisclosed by the Government's evidence until December 29, 1966, when he commenced a budding romance with a nurse in Denver, Colorado. The nurse testified that she first saw appellant and the car on that date, that Johnson told her the car belonged to him and that she was with Johnson and saw the car every day thereafter until January 3, 1967, when the car was impounded and Johnson was apprehended. Johnson thereafter admitted the transportation of the car from Cincinnati to Denver.

■■ In a prosecution under the National Motor Vehicle Theft Act, 18 U.S.C. § 2312, the government must prove (1) that the vehicle was stolen, (2) that it was transported in interstate commerce, and (3) that such transportation was with knowledge that it had been stolen.[1] Johnson admitted the transportation but denies the car was stolen. Therefore, to prove the first and third elements of the offense the government must rely upon circumstantial evidence or the inferences that may properly be drawn by the jury from the available direct evidence. This method of proof is commonly relied upon in this type of a prosecution and is acceptable provided the inferences drawn have connection with and are supported by the direct evidence.[2]

Appellant stresses the fact that he got possession of the vehicle lawfully and, if we correctly understand his position, that he could not be guilty of stealing the car unless he thereafter attempted to sell or otherwise dispose of the vehicle. It is a rather ingenious argument but we find no merit to it.

This court, in numerous decisions, has upheld convictions under this statute when possession was lawfully obtained.[3] Appellant cites United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430, to support his position, but as our decisions indicate, we have not and do not now read the Turley case as support for appellant's contention. In fact, we find no authority to support the contention.

■■ In this type of a prosecution when the possession of the vehicle has been lawfully obtained and there is no direct evidence on the intent of the accused thereafter, it is proper to look at all of the facts and circumstances to ascertain if the accused did have the intent to steal the car or to retain unlawful possession of the vehicle. Here appellant lawfully obtained possession of the car on December 3 and agreed to return it on December 8, which he did not do. He not only retained possession of it until January 3 but represented that the vehicle belonged to him and had transported it a great distance. From these established facts the jury, as it did, could properly infer that he had the intent to steal the car, thus furnishing the necessary proof to establish the first and third elements of the offense. There is ample evidence to support the conviction.

Affirmed.

1. Maguire v. United States, 10 Cir., 358 F.2d 442.

2. Wheeler v. United States, 10 Cir., 382 F.2d 998; Lake v. United States, 10 Cir., 338 F.2d 787; LaConte v. United States, 10 Cir., 330 F.2d 700.

3. Lake v. United States, 10 Cir., 338 F.2d 787; Sadler v. United States, 10 Cir., 303 F.2d 664; Gerber v. United States, 10 Cir., 287 F.2d 523.