Charles Edgar STONE, also known as
Edgar C. Stone, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9436.

United States Court of Appeals
Tenth Circuit.

Nov. 15, 1967.

Elvin Kanter, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before JONES*, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant, defendant below, was charged by information with transporting in interstate commerce from Indianapolis, Indiana, to Santa Rosa, New Mexico, a stolen vehicle, knowing it to have been stolen. He was convicted and appeals. As grounds for reversal, he urges that incorrect instructions were given, certain evidence was improperly admitted, and that an unlawful search and seizure took place.

The record shows that the registered owner of the car involved placed it for sale with a car dealer in Indianapolis, Indiana, but on occasion would drive the car. Appellant was an attendant at a gas station where the owner traded, and knew the car was for sale. On one occasion when the owner came to the station, appellant asked for permission to take the car to a finance company to determine whether his purchase of it could be financed. Permission was granted on a Thursday for him to so take the car from the dealer who had it for sale. The owner saw the appellant with the car on a Friday at which time he told the owner he was going to a Morris Plan Bank to secure financing. On Saturday the owner called the gas station and learned appellant had quit work on the previous day and had left. On the following Monday, the owner reported the car stolen.

There is conflicting testimony as to whether the owner discussed the purchase of the car with the appellant. The owner maintains that she never so discussed the purchase because the sale was to be arranged through the car dealer. The appellant, on the other hand, claims that he made an oral agreement with the owner to buy the car. Although the appellant claims there was a sale to him, he did not ask for title to the car, transfer papers were not signed, title was not delivered, and no payment was made.

Some nine months after the car was reported stolen, state officers stopped appellant and his woman companion in the car at Santa Rosa, New Mexico, and arrested the appellant for his misuse of an expired gasoline credit card at another town. When stopped, appellant, referring to the woman then driving the car, said, "Let her go; she didn't have anything to do with this; she doesn't know anything about it." The arresting

* Of The Fifth Circuit, By Designation.

officers found Louisiana license plates on the car, noted the radio was missing, and took down the serial number from the left door. The officers did not then know that the car was stolen. An officer while taking the couple to a nearby town where the credit card offense occurred asked the woman if it was her car. Appellant interrupted to say, "No, it's my car. The car was given to me by my ex-wife in Indianapolis, Indiana."

■■ The word "stolen" as used in 18 U.S.C. § 2312 includes any felonious taking with the intent to deprive the owner of the rights and benefits of ownership, whether or not the taking constitutes a common law larceny. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). We have in recent cases held that when possession of an automobile is obtained lawfully, as in the case of borrowing or in rental cases, and the defendant later forms the criminal intent to convert the automobile, the car is "stolen" within the meaning of the Act. Gerber v. United States, 287 F.2d 523 (10th Cir. 1961); Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir. 1960). This court has also held in a case similar to the present case that the promise to assume and pay an outstanding mortgage indebtedness can be the fraudulent means for obtaining possession and title of an automobile so as to constitute a felonious taking. Lake v. United States, 338 F.2d 787 (10th Cir. 1964). See also Johnson v. United States, 384 F.2d 388 (10th Cir. 1967).

Appellant urges however that the trial court erred in failing to clearly instruct the jury on the issue raised by introduction of evidence of a sale. He contends that there was sufficient evidence from which a jury could have found that the car was sold to him. He concedes that where possession of a vehicle is lawfully obtained, the vehicle will be deemed stolen if a defendant thereafter forms the intent to deprive the owner of the rights and benefits of ownership, but he contends that where there has been a sale the fraudulent intent must

exist at the time possession and title passed. Appellant refers to a portion of the instructions that he urges creates the error which reads:

"Even if possession of a vehicle is lawfully acquired, the vehicle will be deemed stolen if the defendant thereafter forms the intent to deprive the owner of the rights and benefits of ownership, and converts the vehicle to his own use. Or if you find that the vehicle was obtained from the owner by a trick or device, with the intent to permanently deprive the owner of the rights and benefits of ownership, the vehicle will be deemed stolen."

Appellant contends that this portion of the instruction is confusing, and it would have been possible for the jury to find him guilty even though it found that he did not decide to refuse to pay until after his transaction with the owner. He concedes that the second sentence of the instruction, as quoted, can be construed to instruct the jury that they must find that the requisite criminal intent existed at the time that possession was delivered, but contends that when read in connection with the first sentence, which discusses the formation of the requisite criminal or fraudulent intent at a later date, it would confuse the jury. We do not agree, and find no error.

■■ A plain reading of the portion of the instructions that pertain to the issue of "stolen" shows that the jury could not have convicted the appellant had they believed him. The second sentence of the contested portion of the instructions, quoted above, covers the time when the intention must be formed. This portion of the instruction is almost verbatim from Lake v. United States, 338 F.2d 787 (10th Cir. 1964). This instruction was further clarified as recommended in Lake to the effect that if the jury found that the defendant believed himself in rightful possession at the time of the alleged crime, they should acquit him. Thus if the jury believed the appellant when he said that he had bought the automobile and that he was

to have paid for it by making payments to the owner, he would have been in rightful possession of the automobile at the time he crossed the state line. Hence it cannot be said that the instructions read as a whole, as the jury must, are confusing on the issue of "stolen." See Landwehr v. United States, 304 F.2d 217 (8th Cir. 1962).

Appellant further contends that the "search and seizure" of the automobile identification number of the automobile in which he was riding was unlawful. He asserts that the arrest was illegal, and even if the arrest had been lawful, the search was unreasonable and too remote from the time and place of the arrest. For these contentions he relies on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and United States v. Tate, 209 F.Supp. 762 (D.C.1962).

■■ The facts before us are however clearly distinguishable from both of the cases relied on by appellant. The officer had no warrant at the time he arrested appellant but under New Mexico law a state police officer may arrest any person without a warrant if, based on personal investigation which may include information from eyewitnesses, he has reasonable grounds to believe the person arrested has committed a crime. N.M.S.A. § 64–22–8.2 (Supp. 1967). Here the arresting officer had such reasonable grounds to believe that appellant had committed the crime of misusing an expired credit card. N.M. S.A. § 40–21–52 (1953). The officer had received a radio message that two persons matching the appellant's and his companion's descriptions, driving a black 1964 Dodge, had committed the offense. Appellant entered a plea of guilty to this misdemeanor charge.

■ Even though the arrest was lawful, the search must be reasonable. Here, as distinguished from *Preston,* the seizures occurred contemporaneously with appellant's arrest. Both officers concerned testified that they wrote down the identification of the automobile as soon as the occupants were out of the car. The evidence here seized was well within the scope of permissible search and seizure as described in Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The car apparently matched the description of the one used by the parties misusing the credit card, and the police therefore could reasonably believe that the identification of the automobile would aid in the identification of the culprit. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ As grounds for reversal appellant also urges that the court allowed a witness for the prosecution to use the word "stolen" to describe the automobile in question, and this was opinion evidence invading the province of the jury. However, lay witnesses are frequently permitted to use so-called "shorthand" descriptions, in reality opinions, in presenting to the court their impression of what transpired. This is the common sense view that leaves the witness free to speak in ordinary language, unbewildered by admonition from the judge to testify to facts, when the witness is sure he *is* testifying to the facts. The jury understands what the witness means and the right of cross-examination removes the likelihood of harm to the defendant. The trial court recognized this principle, by telling the counsel that the witness was permitted to use her own terminology, and that the jury would determine the fact of "stolen."

■ Appellant also contends that it was reversible error for the trial court to fail to instruct the jury to disregard his statements regarding innocence of his companion and ownership of the vehicle. Appellant volunteered one statement contemporaneous with the arrest on the misuse of credit card charge: "Let her go; she didn't have anything to do with this; she doesn't know anything about it." He volunteered a second statement when he interrupted an inquiry made to his companion later by another officer to say: "No, it's my car. The car was given to me by my

ex-wife in Indianapolis, Indiana." Clearly, however, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not prohibit such voluntary statements, and we find no error otherwise.

Affirmed.