**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy Wilfred PETERSON, Jr., Defendant-Appellant.**

No. 25972.

United States Court of Appeals, Ninth Circuit.

April 19, 1971.

Roy Wilfred Peterson, Jr., James P. Hagerstrom, of Defenders, Inc., San Diego, Cal., for defendant-appellant.

Richard J. Barry, Sp. Asst. U. S. Atty., James W. Brannigan, Jr., Asst. U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Peterson was convicted of transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312 [Dyer Act]. On appeal he questions the sufficiency of the evidence to support a jury verdict. We affirm.

Peterson obtained permission from the owners to keep the vehicle overnight in order to arrange financing. Instead he kept the car for two weeks and drove it from San Diego, California, to Detroit, Michigan.

A careful review of the record reveals that the evidence is sufficient to support an inference that appellant, either at the time he obtained the car with the owner's limited permission, or some time later, before the interstate transportation, intended to convert it to his own use and to deprive the owners of the rights and benefits of ownership. Lake v. United States, 338 F.2d 787, 789–790 (10th Cir. 1964). *See also* Compton v. United States, 305 F.2d 119, 120–121 (9th Cir. 1962); Gerber v. United States, 287 F.2d 523, 524 (10th Cir. 1961).

Hearing no satisfactory explanation, the jury could infer from Peterson's possession of the vehicle that he knew it was stolen, especially since he had obtained

it from the owners. *Cf.* McAbee v. United States, 434 F.2d 361 (9th Cir. 1970).

The question in this case was primarily one of the credibility of the witnesses. The jury resolved the conflicting evidence against Peterson.

Viewing the evidence in the light most favorable to the government, the verdict is supported by the record.

Affirmed.