486 P.2d 189

**STATE of Arizona, Appellee,**

v.

**Lawrence BEST, Appellant.**

**No. I CA–CR 283.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 30, 1971.

Rehearing Denied July 30, 1971.
Review Denied Oct. 5, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

The sole contention raised by appellant on this appeal from a first degree burglary conviction concerns the admissibility of an "inculpatory remark" he made while in police custody minutes after having indicated his decision not to answer any questions.

Appellant was arrested on suspicion of having burglarized the Franklin Elementary School in Phoenix. While en route to the police station, the arresting officer gave appellant the type of warning required in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, (1966), and appellant indicated a decision not to answer any questions. Officer Elsby, the arresting officer, testified that appellant shortly thereafter made the following remark:

> "A   He asked me if I would indicate on my report that he voluntarily gave himself up to me, and then asked me how long you get for burglary."

The admissibility of the above-quoted testimony is the subject of this appeal.

Appellant contends that the remark here involved was made in response to some form of questioning on the part of Officer Elsby which continued *after* appellant indicated his decision to remain silent, and that evidence so obtained must be excluded under the principles announced in Miranda, *supra*. There, the United States Supreme Court stated:

> "If the individual is alone and indicates in any manner that he does not wish to be interrogated, *the police may not question him.*" (Emphasis supplied). 384 U.S. at 445, 86 S.Ct. at 1612.

We are in full agreement with appellant concerning the effect to be accorded statements *elicited* or *prompted* by police questioning after a defendant indicates his election to remain silent. However, an exami-

nation of the record fails to disclose the slightest indication that appellant's remark was induced by continued, prohibited police questioning. Officer Elsby testified that all questioning ceased after appellant indicated his decision to remain silent, and this testimony was corroborated by that of another police officer who had assisted in the arrest and was present throughout the entire episode. The trial court obviously found that the remark, although perhaps improvidently made from appellant's point of view, was unprompted and spontaneously volunteered, and such a finding is supported by ample evidence. Appellant raises no contention that such an unprompted and spontaneous inculpatory statement is prohibited by Miranda or its progeny, and our Supreme Court, in construing Miranda in State v. Franklin, 104 Ariz. 324, 325, 452 P.2d 498, 499 (1969) held the contrary in an analogous situation. In Franklin the suspect blurted out his guilt before the arresting officer could give him his Miranda warning, and there the court held that "[t]he obvious outburst of the defendant does not fall within the prohibitions of Miranda v. State of Arizona * * *." We cannot perceive how such an outburst coming after the warning would thereby transform it into inadmissible evidence. This view has been uniformly adopted where this question has been considered. *See, e. g.*, Stone v. United States, 385 F.2d 713 (10th Cir. 1967), cert. denied 391 U.S. 966, 88 S.Ct. 2038, 20 L.Ed.2d 880 (1968); State v. Ferrari, 80 N.M. 714, 460 P.2d 244 (1969); People v. Jackson, Ill.App., 264 N.E.2d 462 (1970).

We have thoroughly examined the record and find that the defendant's rights were fully protected, both in the receipt of evidence and in the giving of instructions to the jury concerning the effect to be given to statements made by the defendant.

The judgment is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.