**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dwaine C. SCOTT, Defendant-Appellant.**

**No. 71–2179.**

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1971.

Rehearing Denied Jan. 24, 1972.

---

I. 32 C.F.R. Sec. 1625.2.

Robert Wertsching (argued), Phoenix, Ariz., for appellant.

Fred C. Mather, Asst. U. S. Atty. (argued), Richard K. Burke, U. S. Atty., Phoenix, Ariz., for appellee.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Dwaine C. Scott was indicted on one count of entering a Federal Savings and. Loan Association at Phoenix, Arizona on May 25, 1970, with the intent to commit a felony therein, in violation of 18 U.S. C. § 2113(a), and one count of taking and carrying away with intent to steal, certain money and property of a Federal Savings and Loan Association in violation of 18 U.S.C. § 2113(b). Later a grand jury returned a two count superceding indictment charging him with having committed the above offenses. He was tried to a jury and a verdict returned finding him guilty on both counts. His appeal to this court challenges error in the admission of evidence and the insufficiency of the evidence. We affirm.

██ A representative of the Association identified one of its own blank checks and a packet of travelers checks as having been taken during a nighttime burglary of the institution. An F. B.I. fingerprint expert identified latent fingerprints on these two exhibits as coinciding with known prints of the defendant. They had been sent to him in Washington, D. C. from St. Louis, Missouri for examination approximately one month after the theft. It is the admissibility of this evidence to which the defendant objects. Unless we could find

that the court's ruling was a clear abuse of discretion we would not disturb it. United States v. Craft, 407 F.2d 1065 (6th Cir. 1969); Glavin v. United States, 396 F.2d 725 (9th Cir. 1968); Maxwell v. United States, 368 F.2d 735 (9th Cir. 1966). We do not find such an abuse of discretion.

In addition, there was found at the scene of the burglary a flashlight one of whose two batteries contained latent fingerprints of the defendant.

 It is the defendant's contention that on the basis of this evidence his motion for acquittal should have been granted. He relies upon Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967). We find that case distinguishable. In that case the court pointed out that the fingerprints identified upon objects at the scene were not proved to have been placed there at the time of the commission of the crime. Here, the flashlight was identified as having been left at the Association office during the crime. The identification of the defendant's fingerprints upon one battery inside the flashlight might well have been insufficient circumstantial evidence to survive a motion for acquittal. But when that evidence is combined with positive fingerprint evidence upon the Association's stolen check and its stolen travelers checks, the ring of circumstantial evidence tightens around the defendant. We agree with the trial court that it justified submission to the jury.

The measure which the court must use to determine the validity of a motion for acquittal is whether the evidence is such that a jury might reasonably base a finding thereon that the accused is guilty beyond a reasonable doubt. Surrett v. United States, 421 F.2d 403 (5th Cir. 1970); United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969). Should the court be of the opinion that prudent jurors might have no reasonable doubt, or might disagree as to its existence, the matter lies within the jury's province and the motion must be denied. Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969). We find no error in the court's resolution of the motion.

The jury having determined the defendant guilty, the sufficiency of the evidence upon which to base such a determination must be viewed in a light favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941); United States v. Peterson, 440 F.2d 1345 (9th Cir. 1971). On that basis we find the evidence sufficient.

The judgment is affirmed.