996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Travis M. BENTZ, Petitioner-Appellant,
v.
G.H. BALDWIN, Superintendent, Eastern Oregon Correctional
Institution, Respondent-Appellee.
 No. 92-36589.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Travie M. Bentz, an Oregon state prisoner, appeals pro se the district court's dismissal of his petition for writ of habeas corpus. Bentz contends that the evidence proffered by the state was insufficient to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo a district court's decision to deny a petition for writ of habeas corpus. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). In determining whether the evidence is sufficient to sustain a conviction, we must view that evidence in the light most favorable to the government and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 320 (1979); Mikes, 947 F.2d at 356. "Circumstantial evidence is sufficient to sustain a conviction, and the [prosecution's] evidence need not exclude every reasonable hypothesis consistent with innocence." United States v. Talbert, 710 F.2d 528, 530 (9th Cir.1983), cert. denied, 464 U.S. 1052 (1984).
 
 
 4
 Under certain circumstances, fingerprint evidence alone may support a conviction. Mikes, 947 F.2d at 356 (citing United States v. Scott, 452 F.2d 660, 662 (9th Cir.1971)). "[W]hen the prosecution's theory is based on the premise that the defendant handled certain objects while committing the crime in question, the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date." Mikes, 947 F.2d at 356-57 (citing Talbert, 710 F.2d at 530-31). In reaching our determination, we must examine the custody, location, and function of the objects from which the inculpatory fingerprints were lifted. Id. at 358.
 
 
 5
 Here, Bentz was convicted of burglary in the first degree and robbery in the third degree. Bentz argues that because the complaining witness told the police that the perpetrator was white and Bentz is black, a reasonable jury could not have convicted him of the crime. There is some conflict as to what the complaining witness said to the investigating officer about the race of the perpetrator. At trial, however, the complaining witness testified that he could not identify the race of the perpetrator because the house was dark. The trial judge stated that he was not concerned with the complaining witness' inability to specify the perpetrator's race and determined Bentz's guilt on the basis of fingerprint evidence. Because the judge determined Bentz's guilt based on fingerprint evidence, we construe Bentz's claim as attacking the sufficiency of the evidence used to convict him.
 
 
 6
 The prosecution proffered fingerprint evidence linking Bentz to the crime scene. Specifically, a fingerprint expert testified that he found Bentz's fingerprints on the inside of the screen removed from the point of entry by the perpetrator. The complaining witness testified that the screen was specially manufactured for that window and that the screen was in place on the evening of the crime. The complaining witness also stated that he did not know Bentz and that Bentz was never an invited guest in his home.
 
 
 7
 In finding Bentz guilty, the judge stated: "I am satisfied beyond a reasonable doubt that Mr. Bentz was the individual involved [ ]. The timeframe is close, the experience of the fingerprint examiner is substantial, the location of the fingerprints defy any sort of rational explanation, the purpose of for the entry is clearly to commit a theft."
 
 
 8
 Reviewing the fingerprint evidence in the light most favorable to the prosecution, we determine that a rational factfinder could have found the essential elements of burglary in the first degree and robbery in the third degree beyond a reasonable doubt. See Jackson, 443 U.S. at 320; Mikes, 947 F.2d at 356. We conclude that the fingerprint evidence is sufficient to sustain Bentz's conviction. See Jackson, 443 U.S. at 320; Mikes, 947 F.2d at 356. Therefore, the district court properly dismissed Bentz's petition for writ of habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Bentz's request for oral argument is denied. We also deny Bentz's motion to compel the production of documents
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3