Clarence Yvon **BERARD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17932.

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1962.

Rehearing Denied Nov. 5, 1962.

Howe, Davis, Riese & Jones, and Lauren D. Studebaker, Seattle, Wash., for appellant.

Brockman Adams, U. S. Atty., and Douglas M. Fryer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

Appellants stands convicted of violation of the Dyer Act. 18 U.S.C. § 2312.[1] Upon this appeal from conviction, the only question is whether the district court erred in refusing to instruct the jury that before they could find the automobile in question to have been stolen by appellant, they must find that he intended *permanently* to deprive the owner of his rights and benefits with respect to the car.[2]

Appellant contends that this is a requisite of common law larceny; that the courts, in departing from the common law definition in Dyer Act cases, have done so only in order to be able to include embezzlement and false pretense cases; that the requirement of permanence is consistent with such departures.

In United States v. Turley, 1957, 352 U.S. 407, 77 S.Ct. 397, 402, 1 L.Ed.2d 430, it was stated:

"'Stolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny."

The court further pointed out (footnote 4 at page 410, 77 S.Ct. 397) that the word "felonious" was used in the sense of having criminal intent rather than in the sense of specifying an intent to commit a felony as distinguished from a misdemeanor.

Following Turley, proof of an intent to deprive the owner permanently of his property has been construed as unnecessary where the original taking was by trespass and stealth, without permission of the owner. United States v. Brickles, D.C.Mont.1959, 177 F.Supp. 944; United States v. Sheffield, D.C.Md.1958, 161 F.Supp. 387. In keeping with the Turley view that the Dyer Act was designed to halt interstate traffic on unlawfully obtained motor vehicles no matter what the form of theft, several federal courts have indicated, in considering cases involving the use of rented cars beyond the hire contract's time and boundary limitations, that the offense is committed even if the defendant's possession of the automobile is lawful in the first instance as long as criminal intent is shown in the later conversion of the car by defendant to his own use. Tandberg-Hanssen v. United States, 10 Cir. 1960, 284 F.2d 331; Brown v. United States, 8 Cir. 1960, 283 F.2d 792 and 277 F.2d 201. See United States v. Golden, D.C.S.D. N.Y.1958, 166 F.Supp. 799. In none of these cases was a showing of intent to deprive the owner permanently of the rights and benefits of ownership required.

We agree with these authorities that it would not suit the purposes of the Dyer Act to limit its application in the manner contended for by appellant.

Affirmed.

---

1. "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. The instructions required that there be a deprivation of a "substantial right" of ownership.