Robert Carson JARVIS, also known as Virgil C. Dehavilland, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17981.

United States Court of Appeals Ninth Circuit.

Jan. 8, 1963.

Peter T. Gianas, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty. for Dist. of Ariz., and Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge.

Jarvis, on November 9, 1961, rented a Ford car at Winston-Salem, North Carolina, from a local agency, Dixie Rental Service, Inc. The rental was made under a written rental agreement which fixed the rights and duties of Jarvis and his bailor, Dixie. Jarvis was authorized to take the car "out of state," and agreed "I will return car by DATE 11–13–61 TIME 12:00," all in the written contract. The ambiguity of "12:00," should be resolved in favor of Jarvis and assumed to be 12:00 midnight, November 13, 1961.

At the appointed hour Jarvis had not returned the car and by the terms of the contract he no longer had a right to keep it. Where he was and where the car was at 12:00 midnight on November 13, 1961, the record does not tell. But late in the evening of November 22, 1961, Jarvis was in San Simon, Arizona,* which is located on a transcontinental highway a few miles west of the Arizona-New Mexico border. The speedometer indicated that in 13 days the car had gone 5,087 miles. Obviously, it had crossed a lot of state lines.

Jarvis, when first observed by Arizona state officers, was in a cafe in San Simon. They became suspicious that "something was wrong" and were satisfied "he was intoxicated." They determined to interview him fully when he, in the course of driving west, would be required to stop at Arizona's port of entry station (from New Mexico) located near San Simon. The interview was unsatisfactory and Jarvis was taken into custody. He was indicted in Arizona on January 9, 1962, under the Dyer Act, 18 U.S.C. § 2312, and convicted by a jury on February 27.

* San Simon is on Interstate Highway No. 10 (Arizona State 86). It is 15 miles west of the Arizona-New Mexico state line, or 35 miles west of Lordsburg, New Mexico. It is 28 miles east of Bowie, Arizona.

564

From his judgment of conviction and sentence, he appeals.

No witness appeared who saw Jarvis drive the car across the line east of San Simon either before or after midnight November 13, 1961, when the car was due back in Winston-Salem. And, out of that fact, some of the case is built on appeal. However, there was such a collection of circumstances that were so inconsistent with anything but that the defendant had crossed the New Mexico-Arizona line the evening of November 22, that one could say that the evidence was as reliable as that of someone testifying he had seen the actual crossing.

Of course, it was possible that Jarvis crossed the Arizona line before November 13, but only possible. The circumstances belied it.

■ Under the record here, it could be said that Jarvis lost his case when United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430, was decided in 1957, holding that an embezzled car could be the basis of a conviction under the Dyer Act. The car not being returned in time by Jarvis, the jury had only to find intent, retention and the crossing of the New Mexico-Arizona line after November 13, 1961. There was so much evidence of guilt that one might characterize any verdict but that of guilty as a miscarriage.

■ One of defendant's main points on appeal is that his counsel was not permitted to probe the state of mind of an officer of the Dixie company as to what he thought during the period of November 13 to November 22, 1961. Here at issue was the state of mind of Jarvis.

We can assume that had Jarvis returned the car in good order on November 22, 1961, and paid up everything he owed, Dixie would not have called the attention of the federal authorities to the case and we would never have heard of Jarvis. But granting such a thing, does not prove the innocence of Jarvis.

Appointed counsel has given Jarvis excellent representation, both at the trial and here. But we cannot agree with him.

The judgment is affirmed.