**UNITED STATES of America,
Appellee,**

v.

**James William OATES, Appellant.
No. 8802.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1963.

Decided March 11, 1963.

James W. Oates, pro se.

William Medford, U. S. Atty., and Robert J. Robinson, Asst. U. S. Atty., on brief, for appellee.

Before SOPER, BOREMAN and J. SPENCER BELL, Circuit Judges.

BOREMAN, Circuit Judge.

James William Oates prosecutes this appeal from an order denying a motion to vacate his sentence under 28 U.S.C.A. § 2255.

On April 18, 1961, Oates entered his plea of guilty in the United States District Court for the Western District of North Carolina to a two-count indictment, one count charging him with obtaining property, an automobile, by means of false pretense in violation of 22 District of Columbia Code § 1301, and the other count charging him with transportation in interstate commerce of a stolen motor vehicle, knowing the same to have been stolen, in violation of 18 U.S.C.A. § 2312. Involved in each count is the same motor vehicle.

The indictment was returned by a grand jury in the District Court of the United States for the District of Columbia, at which time Oates was in custody of the North Carolina Prison Department, he having been convicted of another offense. Oates was visited by his own counsel and the procedure under Rule 20 of the Rules of Criminal Procedure was explained to him. By his consent and with full understanding, Oates was brought into the court below upon a writ of habeas corpus ad prosequendum where he filed a Consent to Transfer under said Rule 20 and entered his plea of guilty to the District of Columbia indictment.

Following Oates' plea the court conducted a hearing, referred to as a "trial", at which evidence relating to the matters charged in the indictment was presented on behalf of the Government and on behalf of the defendant. Oates was then represented by legal counsel of his own choice. The District Court held a hearing on the motion to vacate sentence and filed written findings of fact and conclusions of law.

The findings of fact, fully supported by the record and which we accept, show that Oates had, on February 16, 1960, obtained possession of the automobile mentioned in the indictment from an automobile agency in Washington, D. C., by means of certain false pretenses. Whether or not title to the automobile was also transferred to Oates is not authoritatively revealed either by the findings or by anything contained in the record. The automobile was transported by Oates in interstate commerce and was subsequently recovered in North Carolina where Oates was arrested on March 31, 1960.

We find no error in the conclusions of law stated by the District Court although some elaboration and amplification may be warranted. The District Court stated: "It is well to point out here that obtaining property under false pretenses is larceny." No authority was cited to support this conclusion.

■■ Although, in a situation where bare possession of the subject property is transferred to the accused, the obtaining of such property by false pretenses may be larceny at common law, this is not true where the owner voluntarily parted with the title as well as the possession of such property, not expecting it to be returned to him or disposed of in accordance with his direction. Murphy v. United States, 206 F.2d 571 (5th Cir., 1953); Ackerson v. United States, 185 F.2d 485 (8th Cir., 1950); Hite v. United States, 168 F.2d 973 (10th Cir., 1948). As before stated, the question whether appellant obtained title to the automobile here involved or merely bare possession is not satisfactorily answered. However, it is now well settled that the word "stolen", as used in the National Motor Vehicle Theft Act (18 U.S.C.A. § 2312) making it a crime to transport in interstate commerce a motor vehicle "knowing the same to have been stolen", is not connotatively limited to circumstances constituting common law larceny, but includes all takings of motor vehicles with criminal intent to deprive the rightful owner of the rights and benefits of ownership, and under circumstances where a vehicle is obtained by false pretenses. United States v. Turley, 352 U. S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); Miller v. United States, 261 F. 2d 546 (4th Cir., 1958); Boone v. United States, 235 F.2d 939 (4th Cir., 1956). It is, therefore, immaterial whether obtaining the automobile by means of false pretenses in the instant case constituted larceny.

■ Oates contended that he was subjected to double jeopardy and, although it is difficult to follow his claim of error, it appears that he argues that each count of the indictment charges the same offense and that such constitutes double jeopardy. We fully agree with the District Court that the contention is without merit. An examination of the two counts clearly shows that each charges a separate offense. Obtaining a motor vehicle by means of false pretenses is a violation of the District of Columbia

Code, and transporting a motor vehicle in interstate commerce knowing it to have been stolen is a violation of a section of the Criminal Code of the United States. The offenses are separate and distinct, even though the same vehicle is the subject of both acts. The offenses involve different elements and require different proof. The first count requires proof of facts not necessary to be proved under the second count, and the second count requires proof of facts not necessary to be proved under the first count. Prosecution and punishment for both offenses may be sustained without constituting double jeopardy. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Affirmed.