UNITED STATES of America, Appellee,

v.

Dahl William WELBORN, Appellant.

No. 8886.

United States Court of Appeals Fourth Circuit.

Argued June 6, 1963.

Decided Sept. 16, 1963.

W. H. McElwee, No. Wilkesboro, N. C. (court-assigned counsel), for appellant.

William H. Murdock, U. S. Atty. (Roy G. Hall, Jr., Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Dahl William Welborn appeals from his conviction by the district court sitting without a jury for violation of the Dyer Act, 18 U.S.C.A. § 2312, which prohibits the knowing transportation in interstate commerce of stolen motor vehicles. The evidence supports the conclusion that on June 23, 1962, Welborn rented an automobile for a two day period from Circle U-Drive It Yourself Company in Baltimore, Maryland, depositing Twenty-Five Dollars with the rental company. He gave his true name to the rental agent, but the address taken from his driver's license and the phone number he gave were not his. He indicated as his employer a company he had worked for seven years earlier. Although the rental contract provided that the auto was not to be taken out of the city without notification, and although he had rented the car for two days only, Welborn and the rented automobile were found ten days later in Ashe County, North Carolina. The odometer indicated that the car had been driven for over two thousand miles. The evidence further indicated that Welborn had twice in the past had similar experiences with rented cars. In one instance Welborn was convicted of a violation of the Dyer Act and in the other he was apparently able to settle with the rental agency.

Welborn contends that the evidence adduced was not sufficient to prove that he violated the Dyer Act and that introduction of proof as to his prior experiences with rented cars was improper, particularly in light of the depth to which the prosecutor delved in presenting the facts.

Although Welborn contested much of the testimony of the prosecution's witnesses and claimed that he had permission to keep the car for over two days and to drive it out of the state, his credibility and that of his main witness was subjected to much impeachment. It is apparent that the trial court might have disregarded Welborn's version of the facts and relied on that supported by the prosecution's witnesses.

Appellant's more substantial claim of error arises out of his motion for judgment of acquittal. He asserts that accepting the government's evidence

# 912

as true, there is no convincing proof that the automobile was stolen within the meaning of the Dyer Act. Welborn accepts, as he must, the proposition that the Dyer Act covers both larceny by trick, where the intent to steal is present at the time of the rental, and embezzlement, where the intent to steal arises at some later time, as long as the car was subsequently transported in interstate commerce. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); United States v. Oates, 314 F.2d 593 (4 Cir., 1963). It is rather his assertion that there was no proof of intent to steal, that is, no proof of "intent to deprive the owner of the rights and benefits of ownership". United States v. Turley, supra. Although this contention is not without some strength, the evidence, including that of his prior experiences with rented automobiles, supports the conclusion that Welborn did not intend to return the automobile, at least until he or the automobile was found and captured.

Conviction in cases similar to this one have often been sustained. Jarvis v. United States, 312 F.2d 563 (9 Cir., 1963); United States v. Koeller, 310 F.2d 409 (7 Cir., 1962); Berard v. United States, 309 F.2d 260 (9 Cir., 1962); Tandberg-Hanssen v. United States, 284 F.2d 331 (10 Cir., 1960); Miller v. United States, 261 F.2d 546 (4 Cir., 1958) (Dictum); Boone v. United States, 235 F.2d 939 (4 Cir., 1956). Welborn cites United States v. Golden, 166 F.Supp. 799 (S.D.N.Y.1958), in which the defendant was found not guilty. Not only is Golden distinguishable based on the use of a credit card, which, as the court found, the defendant believed would pay for the use of the car, but that case illustrates the duty of the district court, when it acts as the trier of fact, to determine the intent of the accused. Of course, after the trier of fact has made its determination, the case on appeal rests in a much different posture. United States v. Sawyer, 294 F.2d 24, 31 (4 Cir., 1961), cert. denied, 368 U.S. 916, 82 S.Ct. 196, 7 L.Ed.2d 132 (1961).

The prosecutor introduced, over objection, evidence as to prior dealings of the defendant with car rental agencies. In one instance he rented a car in Delaware and then drove it to California, retaining possession of the car for over a month until it was picked up, apparently by the police. He was arrested, charged with violation of the Dyer Act, pleaded guilty, and given a suspended sentence. Within a few days after his release he rented a second automobile in San Francisco, drove it to Reno, Nevada, lost all of his money, and, strange as it seems, pledged the spare tire of the rented automobile with a Reno agent of the car rental agency for Eight Dollars. The next day, the Reno office of the car rental agency took possession of the car, and Welborn then apparently settled the debt.

Appellant contends that the district court committed error in permitting the introduction of evidence concerning the trip to Reno, and in permitting introduction of certain evidence concerning the trip to California and the subsequent conviction. As to the evidence concerning the trip to Reno, Welborn insists that, as evidence of a prior offense not resulting in a conviction, it was not admissible for any purpose. As to the trip to California, he agrees that evidence of the conviction was admissible to discredit him as a witness, but asserts that it was error to permit examination of the facts surrounding this conviction in extended detail.

The rules of evidence have long contained certain exceptions to the rule excluding evidence of prior offenses which did not lead to conviction. One of them permits the introduction of such evidence if it sheds light on the intent of the defendant in committing the acts for which he is being tried. United States v. Taylor, 305 F.2d 183 (4 Cir., 1962); Morrison v. United States, 270 F.2d 1 (4 Cir., 1959), cert. denied, 361 U.S. 894, 80 S.Ct. 196, 4 L.Ed.2d 150 (1959); Tandberg-Hanssen v. United States, 284 F.2d 331 (10 Cir., 1960); Williams v. United States, 272 F.2d 40 (8 Cir., 1959); Herman v. United States,

220 F.2d 219 (4 Cir., 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 444, 100 L.Ed. 843 (1956).

It is, of course, no bar to the introduction of evidence for this purpose that a conviction *has* resulted. Evidence of both the California and Nevada trips was admissible to show the defendant's manner of operation or pattern of behavior because such evidence would tend to shed light on the presence or absence of criminal intent in the case at bar. Where here, as is also true in cases of fraud, the element of intent is difficult to prove and must often be inferred from circumstantial evidence it may be necessary to go into considerable detail in order to show the relevancy between the prior conduct and the present charges. We cannot say that the bounds of proper discretion were exceeded, particularly in light of the fact that the case was tried without a jury. The court expresses its appreciation to appointed counsel for his excellent presentation of the case on behalf of the appellant.

Affirmed.

Duniway, Circuit Judge, dissented.