James Monroe **GANDY**, Movant,

v.

**UNITED STATES of America,**
**Respondent.**

**No. DC6463.**

United States District Court
N. D. Mississippi,
Delta Division.

Oct. 20, 1964.

H. M. Ray, U. S. Atty., Oxford, Miss., for the United States.

CLAYTON, District Judge.

On August 14, 1959, James Monroe Gandy in Criminal Case No. 5153, Delta Division, was sentenced to consecutive terms of imprisonment on each count of a two count indictment alleging violations of 18 U.S.C. § 2312. These sentences were imposed on his pleas of guilty to the charges made against him in this indictment.

His motion under 28 U.S.C.A. § 2255 to vacate these sentences is now before the court for its determination as to whether a hearing thereon will be required.

■ Gandy says that his plea of guilty was unintelligently and unknowingly entered to a crime which had not been committed and that it came about by reason of false information as to the law and coercive treatment by officers of the court. With respect to the first ground, he has filed with the court an affidavit of a person who claims to have been the owner of the automobile which was involved in count two of the indictment.[1] The affidavit is to the effect that while affiant was asleep in Gandy's home, Gandy came to him and asked to be driven into town. Not wanting to go, affiant suggested that Gandy take the car by himself and there was no mention of going out of the state with it. With this limited permissive use, Gandy drove the car in commerce out of the State of Florida and into this state, if his plea of guilty has any validity at all. Apparently, Gandy believes and now urges on the court that this vehicle was not "stolen" within the meaning of the statute. But this is not the case. Gandy was given permission to take the car into town, as he requested, but he was not given permission to take the car anywhere else. Although he originally took possession of the automobile lawfully, his later acts exceeded the limitations of the owner's permission and thus made the automobile

---

1. Count one of the indictment involved a different car, owned by another person. As there is no affidavit by the owner of the car involved in count one similar to the affidavit of the owner of the car involved in count two, there need be no discussion of that count.

a stolen vehicle within the meaning of the act. Charged with knowledge that the car was stolen, his driving it across state lines was in violation of 18 U.S.C. § 2312. The most favorable construction of the affidavit affords no basis for a contrary conclusion.

The Supreme Court settled this question in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). In that case, the information charged that defendant lawfully obtained the car from the owner with his permission for a brief period of use within the state, but that without permission of the owner and intending to steal the car, he did not return from the permitted errand and instead drove it to another state and sold it. The trial court dismissed on the ground that the acts charged did not constitute common-law larceny, but the Supreme Court reversed, holding,

> " 'Stolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny."

Many cases have cited and followed Turley. In Schwab v. United States, 327 F.2d 11 (8th Cir. 1964), in which Turley was cited, defendant was a carnival worker in South Dakota. He awakened his roommate about midnight and asked to borrow his pickup truck, saying he wanted to use it for one hour to move some merchandise. The owner told defendant that he could use the truck if he would take care of it and bring it back in one hour. Defendant took the truck, picked up a girl, and drove into Minnesota, supposedly enroute to Wisconsin. He was arrested in Minnesota and on trial he testified that he did not intend to keep the truck permanently but was going to return it as soon as he delivered the girl to her home in Wisconsin. Other evidence tended to corroborate his testimony. The trial court's instructions were framed in the language of the Turley rule, but no requirement of permanency was made. On appeal, it was argued that, although the opinion made no explicit requirement, the Turley rule should be taken as requiring a finding that defendant intended to deprive the owner of the rights and benefits of ownership permanently in order to convict. The Court of Appeals rejected this contention, saying, inter alia:

> "The breadth of the *Turley* precedent demands a conclusion that the statute may be satisfied with something less than permanency and something less than a deprival of the totality of ownership."

See also Berard v. United States, 309 F.2d 260 (9th Cir. 1962).

The Court of Appeals for this circuit in Sowers v. United States, 255 F.2d 239 (5th Cir. 1958), in which defendant bought a car with a check on a bank in which he had no funds, later drove the car into another state, and contended on trial and appeal that he made no representation about the check and that proof that the check was refused with the notation, "No account in this bank," was insufficient to show formation and execution of a fraudulent scheme to steal the car, affirmed the conviction in a per curiam opinion by citing Turley without discussion. In Kirby v. United States, 326 F.2d 758 (5th Cir. 1964), the court affirmed per curiam a conviction obtained in this court, by citing Turley and Sowers without discussion.

Clearly then a crime was committed as charged in count two of the indictment and Gandy was convicted of that crime on his plea of guilty.

In Clark v. United States, 273 F.2d 68 (6th Cir. 1959), defendant was convicted on his plea of guilty and thereafter filed a motion to vacate the sentence under 28 U.S.C. § 2255. In affirming the district court's denial of the motion, the court said:

> "We are of the opinion that the sufficiency of the evidence to support appellant's sentence cannot be challenged by a motion to vacate under Sec. 2255. A motion to vacate can-

not be used as a substitute for an appeal. (Citing cases.)

"We cannot now inquire into whether the Government's evidence was sufficient to prove the commission of the alleged offense. Appellant by his voluntary plea of guilty, admitted all of the facts well pleaded in the indictment. Such issues cannot be raised later by a motion to vacate sentence. (Citing cases.)"

In a similar case, Woodring v. United States, 248 F.2d 166 (8th Cir. 1957), the court said:

"A plea of guilty is not a mere admission of guilt. It is in and of itself a conviction and as conclusive as the verdict of a jury. (Citing cases.) The question of a defendant's guilt or innocence is not an issue on a motion under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. for leave to withdraw a plea of guilty, and by the same token it is not an issue on a motion to vacate a sentence based upon a plea of guilty."

See also Hoover v. United States, 268 F.2d 787 (10th Cir. 1959) and Hornbrook v. United States, 216 F.2d 112 (5th Cir. 1954).

■ In Hornbrook, which was an appeal from an order denying a motion under 18 U.S.C. § 2255 to vacate the judgment and sentence for violation of 18 U.S.C. § 2314 on a guilty plea, the appellant alleged that he was not guilty. Dealing with this contention, the court said:

"Appellant cannot in a motion under Section 2255 raise the defense of innocence, having by the plea of guilty in the record formally admitted all facts alleged in the indictment and waived all nonjurisdictional defenses."

Moreover, the record here completely negatives the contention of Gandy with respect to coercion. The transcript of the arraignment of Gandy, inter alia, shows as follows:

"Q    Have you been furnished with a copy of the indictment?

"A    Yes, sir.

"Q    Then listen to the reading of the indictment.

(The indictment was read.) How do you plead, guilty or not guilty?

"A    Guilty.

"MR.    ETHRIDGE:
That was count one of the indictment which I have read. Now, listen to the reading of count two.

(Count two was read.) How do you plead to count two, guilty or not guilty?

"A    Guilty.

"THE COURT:
Do you understand the effect of your plea of guilty?

"A    Yes, sir.

"Q    Do you realize the Court could sentence you to serve as much as 10 years?

"A    Yes, sir.

"Q    If you enter this plea, is it voluntary, free and of your own accord?

"A    That is right.

"Q    On your plea of guilty, the Court now finds you guilty as charged, and be back in court at 2:00 this afternoon for sentence."

From the foregoing, the court now finds that the files and records conclusively show that this movant, James Monroe Gandy, is not entitled to any relief on his said motion and it will be denied and overruled.