**Edward A. BLUM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 20774.

United States Court of Appeals
Fifth Circuit.

July 12, 1965.

---

monthly rental of $146.45. The lease recited that

> "Receipt is hereby acknowledged of $146.45 covering first and last months' rental of said automobile."

The provisions of the lease, including the foregoing, were entirely printed except for the amount of "$146.45." The lease, by its terms, required the rental to be paid on the first of each month in advance, with a proviso that if the lease commenced on a day other than the first of a month, the rental for such month should be apportioned. A default clause provided:

> "In the event Lessee shall default in the payment of rent and such default shall continue for more than ten (10) days after the due date thereof * * * then in any of such events, Lessor at its option may, by written notice to Lessee, declare this lease in default, and thereupon all automobiles then subject to this lease, and all the rights of the Lessee therein shall be surrendered to Lessor and Lessor may take possession of the leased property wherever the same may be found * * *."

There was no provision in the lease which restricted its use to any particular area or prohibited the lessee from taking it outside of the state.

At the time the lease was made, Blum paid the owner-lessor $146.45. A week later, on November 1, 1961, a like amount was paid. This amount was intended to be the rental for the last month of the lease, according to the testimony of Stephen Poulos, who was either the owner or manager of the car leasing company. There was testimony that a third payment was made but Poulos denied receiving it. Poulos said that he sent a notice of default and a demand for the car to Blum on December 5, 1961. The original of the notice went to Blum's designated business address and a copy to an address given as his residence. The original was returned unopened. The copy was not returned. If the

S. E. Simmons, St. Petersburg, Fla., for appellant.

James H. Walsh, Asst. U. S. Atty., Jacksonville, Fla., Thomas J. Hanlon, III, Asst. U. S. Atty., Tampa, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge:

Edward A. Blum, the appellant, leased an automobile from Union Car Leasing & Rental, Inc., in Buffalo, New York, by a written lease dated October 24, 1961, for a term of twenty-four months at a

rental months of the lease commenced on the 24th of each month, contrary to the written terms, and if the second payment was for the final month's rent, and if no third payment was made, then there was a default under the lease. Blum denied receiving the notice.

On January 16, 1962, Blum drove the car to Florida. In April he made efforts to sell the car. He was arrested and charged by a Federal indictment with transporting a stolen motor vehicle from Buffalo, New York, to Clearwater, Florida, on or about April 24, 1962, in violation of the Dyer Act, 18 U.S.C.A. § 2312. No point was made, and perhaps none could have been successfully made, with respect to the erroneous date. At the trial there were sharp conflicts in the testimony, and sharp differences as to the inferences to be drawn from the evidence. Poulos testified, in overresponding to a question by the court, "How much rent did he pay you when he took the car?" that "He paid me $145 and then a week later I got the other $145 which was the first and last month." Blum contends that he was entitled to the benefit of the provision of the lease acknowledging payment of $146.45 covering the first and last months of the two-year rental period. The letter, which Blum says he never received, was dated December 5, 1961. If the second payment, which Poulos admits receiving, paid the rent to December 24, 1961, which the jury might have found as a matter of fact or which the court might have found as a matter of law, then there would have been no default when the December 5, 1961, letter was sent to Blum. If, as Blum claimed, and as his witness, Betty Sull, testified, a third payment was made in the middle of December, 1961, the jury could have found that the rental was paid to January 24, 1962, and therefore no default existed at the time Blum drove the car to Florida.

Betty Sull had been employed in a restaurant in Buffalo, New York, operated by Blum. She testified that in the middle of December she paid Poulos $146 "for the payment of the car"; "Mr. Blum's car." She further testified that Poulos told her that he had forgotten about the payment made to him by her, and that he asked her not to testify for Blum.

The court charged the jury that a question for determination was whether or not, when Blum "brought the car to Florida and did the things he did with it," "it was his intention to deprive the owner of that automobile in New York of this [sic] property and convert it to his own use." In the charge to the jury the court commented on the Betty Sull testimony in these words:

"Now, we have some testimony here that probably I should comment upon to the effect that the defendant had made either two or three payments on this car. The owner of the automobile testified that he received only two payments. The defendant brought a witness here who testified that she gave the owner of the car a third payment. Now that is evidence that was admissible here, not because the question of the third payment made any difference in the outcome of this criminal case, because it doesn't, but to let you have the opportunity to judge as you saw fit the credibility of the witnesses' testimony, both for the Government and for the defendant in the case. That's all that third payment had anything to do with, because this automobile was taken from this defendant in April, 1961, six months after the date of the contract, and whether or not two payments or three payments were made on account of the contract is unimportant here so far as you are concerned, except that testimony was introduced for the purpose of enabling you to determine who you think told the truth in the evidence in this case."

After charging that the jury was to find the facts, and discussing the law as to credibility of witness, the court stated the crux of the case to be "whether or

not this defendant, when he brought this automobile to Florida, intended wrongfully to divert that automobile to his own use and benefit." Counsel for Blum, who is not the same counsel as represents him on this appeal, expressly stated that he had no exceptions to the court's charge. From a verdict and judgment of guilty, Blum has appealed.

As specification of error Blum asserts that his motions of judgment for acquittal were improperly denied, and we are asked to hold that the plain error rule requires a reversal because of erroneous instructions.

 Although the Government's case was pretty thin, we think there was a case for the jury. However, we feel that a portion of the court's charge was erroneous and so prejudicial that we are required to reverse for a new trial. The court properly charged the jury that the crux of the case was whether Blum intended to convert the car to his own use when he brought the car to Florida. Where a person lawfully obtains possession of an automobile by a rental arrangement, and later forms an intention to convert it to his own use, and in furtherance of that intention transports it across a state boundary, a Dyer Act violation has occurred. Gerber v. United States, 10th Cir. 1961, 287 F.2d 523; Miller v. United States, 4 Cir. 1958, 261 F.2d 546. See United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430, 56 A.L.R.2d 1300; Lambert v. United States, 5th Cir. 1958, 261 F.2d 799. The question as to whether or not there was a default in the rental payments when Blum drove the rented car to Florida was, in our opinion, something more than one of credibility. We do not doubt but that one who rents a car may form an intent to defraud the owner of it and thereafter transport it across a state line and become guilty of a Dyer Act offense even though there is no default in the payment of rentals. But it is our view that whether rentals were paid at the time of the interstate transportation is a fact that the jury should be permitted to consider in determining whether the wrongful intent was then present. The court's comment that the "automobile was taken from this defendant in April, 1961 [sic], six months after the date of the contract," might lead the jury to suppose that the attempt to sell the car in April established the appellant's guilt. This is the more likely in view of the incorrect April date in the indictment. The evidence here, while sufficient to go to the jury, is certainly far from overwhelming, and there is no direct evidence, and but little that is circumstantial to show the intent to convert in January when no act of attempted conversion occurred until three months later. The evidence whispers rather than cries aloud as to guilt. We think that the interests of justice will be best served by invoking the plain error rule and having a new trial. To this end the judgment and sentence of the district court is reversed and the cause is remanded.

Reversed and remanded.