**Almon Boyd SMITH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18714.**

United States Court of Appeals
Eighth Circuit.

Nov. 13, 1967.

Asa A. Christensen, Lincoln, Neb., for appellant.

Duane L. Nelson, Asst. U. S. Atty., Omaha, Neb., for appellee, Theodore L. Richling, U. S. Atty., on the brief.

Before VOGEL, Chief Judge, and GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

Appellant was convicted by a jury under the Dyer Act, Tit. 18 U.S.C. § 2312, on two separate counts of interstate transportation of a stolen motor vehicle. He brings this appeal on two grounds. First challenged is the sufficiency of the evidence to sustain the requisite intent to commit a violation of the Act under either count; secondly, appellant suggests error in the trial court's refusal to admit certain conversations relating to his intent to steal. We affirm.

On the two occasions charged, appellant obtained automobiles from rental car agencies. On April 14, 1966, he rented a vehicle in Bridgeport, Connecticut, and then after abandoning this car in Chadron, Nebraska, on April 27, 1966, he secured a vehicle in Chadron from another rental agency. He was arrested in Long Beach, California, on June 7, 1966, in possession of the latter car. In the first instance, he gave a check at a time when his account contained insufficient funds to cover it, and in Chadron, he gave a bad check for a deposit on the rented car. Without belaboring the facts involved, in each instance appellant flagrantly violated the rental agreements, converting the car to his own use beyond any reasonable period of time. After being notified that the second car was turned in as stolen, he nevertheless continued to drive it across state lines and use it as his own.

Evidence of larceny by false pretenses has long been held by this circuit to be evidence of guilt under the Dyer Act. See Stewart v. United States, 151 F.2d 386 (8 Cir. 1945). And we have held that giving of an insufficient funds check to obtain a motor vehicle will substantiate a charge of stealing under this Act. Landwehr v. United States, 304 F.2d 217 (8 Cir. 1962). Appellant, however, argues that he did not intend to take the cars permanently. But whether he formed a specific intent to permanently deprive the owner of his property, or intended simply to deprive him for so long as it suited appellant's purposes, is immaterial. Either form of guilt is sufficient. Schwab v. United States, 327 F. 2d 11, 14 (8 Cir. 1964). See also United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

Appellant is not the first to challenge the applicability of the Dyer Act to conversions of rental cars. See United States v. Jones, 340 F.2d 599 (4 Cir. 1965); Dixon v. United States, 295 F.2d 396 (8 Cir. 1961); United States v. Dillinger, 341 F.2d 696 (4 Cir. 1965); United States v. Welborn, 322 F.2d 910 (4 Cir. 1963); Jarvis v. United States, 312 F.2d 563 (9 Cir. 1963). In Blum v. United States, 348 F.2d 141, 144 (5 Cir. 1965), the rule is well stated:

"Where a person lawfully obtains possession of an automobile by a rental arrangement, and later forms an intention to convert it to his own use, and in furtherance of that intention transports it across a state boundary, a Dyer Act violation has occurred."

Without setting forth the detailed facts, we have read the record and find sufficient evidence to support the jury's finding of the requisite criminal intent necessary for conviction as to either count.

Secondly, complaint is made that the district court refused to admit evidence of a conversation between appellant and his mother. It is contended that the evidence was admissible as an exception to the hearsay rule, in that it showed "the state of mind" of appellant as negativing the requisite intent to steal either car. See United States v. Annunziato, 293 F.2d 373, 377 (2 Cir. 1961); McCormick, Evidence, § 228, pp. 465–67 (1954). To simply exclude the testimony as self-serving declarations made by the accused is not sufficient. See Wigmore, § 1732, pp. 103–05 (3d ed. 1940); cf. United States v. Matot, 146 F. 2d 197 (2 Cir. 1944). And it is generally recognized that a trial court has broad discretion in allowing testimony which discloses the "purpose, knowledge, or design of a particular person." Glasser v. United States, 315 U.S. 60, 81, 62 S.Ct. 457, 470, 86 L.Ed. 680 (1942); Blodgett v. United States, 161 F.2d 47, 51 (8 Cir. 1947). However, here the mother's proffered testimony out of the presence of the jury, was in essence that appellant wanted to take the car back *if there were to be no difficulties* involved in doing it. This conversation, made some five weeks after he abandoned the first car and after he was told that the second car was reported as stolen, can hardly negative intent to convert after the conversion has taken place. In exercising his discretion, the trial court must weigh the probative value of the evidence, and if it has none, there can be no abuse excluding the offer. An offer to return the goods after the theft has taken place demonstrates at the very most a possible change of heart in view of his obvious wrong. State-

ments relating to the "state of mind" of a person are seldom admissible where they "face backward" to past occurrences. Cf. Shepard v. United States, 290 U.S. 96, 103–106, 54 S.Ct. 22, 78 L. Ed. 196 (1933).[1]

But assuming for the moment that the trial court erred in refusing the testimony, which we do not find, the exclusion could hardly be considered more than harmless error. See Fed.R.Crim.P. 52(a). The testimony offered by the mother was simply repetitious of what the head of the finance company had previously stated concerning appellant's credulous offer to him to have his mother or himself return the car to Chadron. After this conversation, appellant took off for California, using the car for several days before he was apprehended. At the time of his arrest, he told the police that he had an agreement with the owner to lease the car.

Judgment affirmed.

---

[1] Under certain circumstances declarations to prove a state of mind, although uttered after the particular time involved, may be admissible when "the stream of consciousness has enough continuity so that we may expect to find the same charac-teristics for some distance up or down the current." See Chaffee, Progress of the Law-Evidence, 1919–1922, 35 Harv.L.Rev. 428, 444. Compare United States v. Matot, 146 F.2d 197 (2 Cir. 1944).