**UNITED STATES of America,
Appellee,**
v.
**John Wesley McLEAN, Jr., Appellant.**
**No. 19812.**

United States Court of Appeals,
Eighth Circuit.
April 16, 1970.

---

Richard P. Nangle, St. Louis, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., on the brief.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

This is a direct appeal from a judgment entered on a jury verdict finding John Wesley McLean guilty of a violation of 18 U.S.C. § 2312, interstate

transportation of a stolen motor vehicle. McLean was sentenced to five years in prison.

On July 4, 1967 McLean rented a 1967 Mercury Cougar from National Car Rental in Columbia, South Carolina. He gave a bad check for $50 payable to National as a deposit and agreed in a signed contract to return the car July 6. The check was drawn on the Central National Bank of Richmond, Virginia. McLean's account there had been closed since May 8, 1967.

McLean on July 6, by means of a handwritten note, requested an extension of the date of the car's return to July 10. He did not return the car on July 10 or anytime thereafter and its loss was reported to the police.

On December 2, 1967 McLean was arrested at a restaurant in St. Louis County, Missouri. When arrested McLean had in his possession the keys to the stolen Mercury automobile. The car had been altered in that the radio had been removed and a stereo tape deck put in its place. The National car rental agreement record indicated the car had been driven over 20,000 miles.

■ McLean's main contention is that the evidence was insufficient to prove he had intent to steal the car or knew the car was stolen either before or at the time it was transported in interstate commerce. This contention is practically frivolous.

■ Contentions similar to McLean's have been considered and dismissed in several other cases. In United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L. Ed.2d 430 (1957) the Supreme Court held that the Dyer Act's use of the word "stolen" as related to motor vehicles was not limited to instances which at common law were considered larceny. Rather, the word "stolen" applied to all felonious acquisitions in which the owner was deprived of his rights of ownership. We followed this ruling in Stewart v. United States, 395 F.2d 484 (8th Cir. 1968) and in Smith v. United States,

385 F.2d 252 (8th Cir. 1967). In the latter we specifically held that acquisition of a vehicle by false pretenses, in particular writing a bad check to pay for a rented car, is sufficient to substantiate the statutory element that a car being transported in interstate commerce be stolen.

Since *Turley, supra,* we have also held in United States v. Bruton, 414 F.2d 905 (8th Cir. 1969), in Stewart v. United States, *supra,* and in Schwab v. United States, 327 F.2d 11, 13 (8th Cir. 1964), that a vehicle may be considered stolen under the Dyer Act though it is kept only temporarily, and though an owner is deprived of less than a totality of ownership. Specifically, it was held in United States v. Dillinger, 341 F.2d 696 (4th Cir. 1965) that though original possession of a vehicle may be acquired by virtue of a rental agreement, nevertheless, if the owner is thereafter improperly denied possession, then the vehicle is "stolen" under the meaning of the Dyer Act. United States v. Bruton, 414 F.2d 905 (8th Cir. 1969); Smith v. United States, 385 F.2d 252 (8th Cir. 1967); United States v. Welborn, 322 F.2d 910 (4th Cir. 1963); Jarvis v. United States, 312 F.2d 563 (9th Cir. 1963).

■ Defendant's intention to steal, either at the time of renting, or at the time of interstate transportation, can be shown by subsequent conduct. United States v. Dillinger, *supra;* United States v. Bruton, *supra;* Smith v. United States, *supra.* It is clear in this case that McLean's use of a bad check to acquire the car, his failure to return the car for a period of five months beyond the due date, his alteration of the car to his own use by replacing the radio with a tape recorder, and the recovery of the car in St. Louis, far from the original place of rental, was more than sufficient to enable the jury to find that McLean knew the car was stolen when he transported it across state lines.

■ Finally, McLean claims he is being denied equal protection of the

laws and is being imprisoned for debt. The crux of this argument is that National compiled the rental charges against McLean after the car was returned, thus waiving the theft, and that had he been able to pay the charges he would never have been prosecuted.

Of course any waiver which arguendo may have occurred is not binding on the government. Jarvis v. United States, 312 F.2d 563 (9th Cir. 1963). The interests of the state are not necessarily satisfied by a thief's ability to make restitution. It is true that cases may occur where a crime is not called to the government's attention because restitution is made, but this is certainly not grounds for saying that McLean is being denied equal protection of the laws by the government or is being imprisoned for debt. Rather, he is being imprisoned for interstate transportation of a vehicle he knowingly converted to his own use, and this fact was proved to a jury beyond any reasonable doubt.

Judgment affirmed.