**UNITED STATES of America, Appellee,**

v.

**Winford Esty ELLIS, Appellant.**

**No. 20156.**

United States Court of Appeals, Eighth Circuit.

July 17, 1970.

J. Arnot Hill, Kansas City, Mo., made argument for appellant and Robert G. Duncan, Kansas City, Mo., was with him on the brief.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., made argument for appellee, and Bert C. Hurn, U. S. Atty., was with him on the brief.

Before MEHAFFY, GIBSON and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Winford Esty Ellis, the defendant, was convicted by trial to a jury for violation of the Dyer Act (18 U.S.C. § 2312) by transporting a stolen motor vehicle from Oklahoma City, Oklahoma to Kansas City, Missouri, knowing that the motor vehicle had been stolen. Defendant was sentenced to be committed to the custody of the Attorney General for a period of five years. We affirm.

Defendant states the issue on appeal to be whether the word "stolen" in the Act includes the renting of an automobile by use of a stolen credit card, where the issuer of the credit card has been notified of its loss but still approved the use of the card, and asserts that by reason thereof it is the issuer of the credit card that is defrauded and not the owner of the automobile.

The facts are not in dispute and are briefly recited.

On April 15, 1969, one Clarence E. Anderson was mugged in Kansas City. His billfold containing a Phillips 66 Petroleum credit card and his driver's license were taken. He reported the loss of the credit card to Phillips on about April 24, 1969, and thereafter a duplicate credit card was issued. The Hertz representative who handled the rental transaction in Oklahoma City testified that on June 4, 1969 defendant rented the automobile in the name of Clarence E. Anderson, using Anderson's Phillips credit card and driver's license and representing himself to be Anderson. The Hertz representative was suspicious and called Phillips three times, and finally Phillips okayed the credit card. In the interim, defendant had left the Hertz desk and called back to ascertain whether the card was "OK." Upon being advised that it was, defendant procured the car under a rental agreement that ran from June 4 until June 7, 1969. Defendant was found with the car in Kansas City, Missouri on June 17, 1969. The date on the rental agreement had been changed by someone other than the Hertz organization to June 17 by merely inserting in ink a "1" in front of the "7," but this appeared only on the customer's copy of the contract. Defendant did not testify nor offer any evidence in his behalf, so it stands undisputed that he had obtained possession of the automobile with a stolen credit card (which incidentally he also used in Topeka, Kansas) and a stolen driver's license by representing himself to be Anderson to whom the credit card and driver's license had been issued; that he transported the automobile in interstate commerce; and that he kept the automobile beyond the date on which it was due to be returned.

The sole issue involves interpretation of the word "stolen."[1] Defendant's

---

1. The court instructed the jury in part as follows:

"In regard to the use of the word 'stolen,' in Section 2312, I instruct you that whenever a motor vehicle which is the property of one person is acquired or is thereafter possessed as a result of some wrongful or dishonest act whereby another person either wilfully obtains or thereafter wilfully retains possession of such property without and beyond any permission given and with the intent to deprive the owner of the rights and benefits of ownership, such motor vehicle is a 'stolen' motor vehicle as that term is used in Section 2312."

Defendant objected to that part of the charge that is taken from United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

objection to the court's charge taken from United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), was that it indicated to the jury that the fraudulent use of a credit card constituted the crime of stealing an automobile. He suggested that the jury be instructed that if defendant set out to defraud Phillips Petroleum Company, not the Hertz Company, then this was not a stolen motor vehicle under the undisputed evidence. We have heretofore had occasion in several cases to interpret *Turley*, and have ruled that *Turley* demands a conclusion that the statute is violated when something less than permanency and something less than the deprival of the totality of ownership were involved. In Stewart v. United States, 395 F.2d 484, 490 (8th Cir. 1968), we quoted from *Turley* as follows:

"'* * * "Stolen" as used in 18 U. S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny.' 352 U.S. at 417, 77 S.Ct. at 402."

In our later case of United States v. Bruton, 414 F.2d 905 (8th Cir. 1969), we dealt with a Dyer Act case where the automobile was obtained by defendants from a rental agency with the use of a credit card issued to an aunt of one of the defendants, which defendants had persuaded her to loan them for the purpose of renting the automobile. The argument was made there that the rental agency from which the automobile was obtained was protected by the credit card and that either the holder or issuer of the credit card would be responsible for the rental. Here, as there, defendant relies primarily on the opinion in United States v. Golden, 166 F.Supp. 799 (S.D.N.Y.1958), that the evidence did not suffice to constitute a violation of the Dyer Act. *Golden* is distinguishable by reason of the fact that there was a trial to the court and the court made findings of fact. We note also that this court disagreed with the court's holding in *Golden*.

The undisputed facts in this case would seem to be stronger than those in *Bruton* as the credit card here was stolen as was the driver's license, and the defendant posing as the true owner of the credit card and the driver's license fraudulently and feloniously signed the name of the true owner on the rental agreement. We said in *Bruton, supra*, 414 F.2d at 909:

"It is no answer that the owner of the car was protected by the fact that a credit card was used in the procurement of the car and that either the holder or issuer of the credit card would be responsible for the rental and damage. Restitution from whatever source cannot act as a shield against prosecution or conviction for law violation."

Our reasoning in *Bruton* applies with equal logic here and *Bruton, supra*, and the cases therein cited are dispositive of this appeal.

The judgment of conviction is affirmed.