**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy Lee PITTMAN, Defendant-
Appellant.**

**No. 25649.**

United States Court of Appeals,
Ninth Circuit.

April 27, 1971.

Leonard L. Nolting, Oakland (argued), Santa Clara, Cal., for appellant.

Lawrence J. Semenza, Asst. U. S. Atty. (argued), Bart M. Schouweiler, U. S. Atty., Reno, Nev., for appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and McNICHOLS, District Judge.*

PER CURIAM:

Roy Lee Pittman was convicted of a violation of 18 U.S.C. § 2312, transporting in interstate commerce a motor vehicle known to have been stolen. On appeal, he contends that the trial judge committed plain error by his comments to the jury. We affirm.

Early in January, 1969, Pittman negotiated for the purchase of a used car in Santa Barbara, California. He agreed to furnish insurance, and executed a credit application and a security agreement. The latter required a down payment of $444 on a total purchase price of $2,144.95. Pittman paid $150 toward the down payment and agreed to return by the next morning with the balance. On that condition he was allowed to take the car. He failed to return but kept the car and, on March 16, 1969, was arrested in Las Vegas, Nevada, with the vehicle in his possession.

The dealer, hearing no more from Pittman, found that the address given by the buyer was fictitious as was the name of the insurance agency supplied by Pittman. Efforts to locate appellant through his wife were fruitless.

■ Sufficient evidence was presented to the jury to support the conviction. The National Motor Vehicle Theft Act is not to be interpreted so narrowly as to limit its application to situations which at common law would be considered larceny. It includes all takings with a criminal intent to deprive the owner of the rights and benefits of ownership. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

In *Turley*, the defendant had lawfully obtained a vehicle in South Carolina with permission of the owner and for the expressed purpose of delivering some passengers to their home in that state. Instead, he took the car to Maryland and sold it the next day. His conviction was affirmed. Other convictions under the Act have been upheld where the automobile was rented, Jarvis v. United States, 312 F.2d 563 (9th Cir. 1963); released for demonstration, Dixon v. United States, 295 F.2d 396 (8th Cir. 1961); or was borrowed, Compton v. United States, 305 F.2d 119 (9th Cir. 1962). In each case the jury found the requisite intent to deprive the owner of his right of ownership, despite an initially lawful possession.

■ Appellant acknowledges that the district judge may comment on the evidence but asserts that there was here an improper invasion of the jury's province. The language complained of was the trial court's comment:

"It doesn't seem to me you should have any difficulty concluding that the motor vehicle was a stolen motor vehicle, because it appears that there is substantial evidence before you that the vehicle was taken and that the owner was deprived of his rights and benefits."

Taken alone, the language might seem prejudicial and tantamount to a directed verdict. But, the trial judge went

* Hon. Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

**1100**

on to instruct the jury that the "key question" for it was the matter of intent. This was essentially a paraphrase of Pittman's counsel in his opening statement to the jury. Further, the court adequately summarized the function of the jury, allowing it to consider or reject the court's comments on the evidence.

Considered in their entirety, the instructions correctly declared the law. The comment complained of, while unfortunate, could not have prejudiced or misled the jury. It appears to us that the trial judge was using the word "stolen" as synonymous with "missing" or "taken."

Appellant's other assignments of error have been considered and found to be without merit.

Affirmed.