**UNITED STATES of America,**
**Appellee,**

**v.**

**Clarence EPPERSON, Appellant.**

**No. 71–1736.**

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1971.

Edward A. Infante, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant Epperson has been convicted of transporting in interstate commerce a motor vehicle known to have been stolen, in violation of 18 U.S.C. § 2312. He challenges the sufficiency of the evidence and finds fault with the trial court's instruction defining a stolen motor vehicle. We affirm.

Epperson rented an automobile in Los Angeles on January 8, 1970. The rental contract specified return by January 16 and forbade removal from the state. He did not return the car on January 16, nor did he secure an extension of the rental period.

A traffic officer in Ensenada, Mexico, stopped Epperson in the vehicle on January 19, having received a telephone call indicating that its occupants had attempted to sell it "very cheap." The officer impounded the car since the rental period had expired. Epperson was not arrested.

Later the same day Epperson told police in Huntington Park, California, and the car rental agency, that the car had been stolen from him on January 18. The police by then had received a report that the car had been involved in a hit-and-run accident on January 18.

From this evidence the jury could have found that Epperson had knowingly kept the car beyond the rental period, became involved in an accident, fled to Mexico to get rid of the incriminating vehicle, lost possession of the car to the Mexican police, and, upon returning to California, fabricated a theft story to cover himself, the effect of which was to delay the rental agency in regaining possession. This is sufficient to support conviction.

Intent permanently to deprive the rental agency of its ownership interest is not a necessary element of the offense under 18 U.S.C. § 2312. See Berard v. United States, 309 F.2d 260 (9th Cir. 1962). The government need prove only an intent to deprive the owner of the rights and benefits of ownership and to convert the vehicle to the accused's own use and a subsequent crossing of a state border. See United States v. Pittman, 441 F.2d 1098 (9th Cir. 1971); Jarvis v. United States, 312 F.2d 563 (9th Cir. 1963); Tandberg-Hanssen v. United States, 284 F.2d 331 (10th Cir. 1960).

The judgment of conviction is affirmed.