**UNITED STATES of America, Appellee,**

v.

**Bentley John FOUCHEY**
**and**
**John Harry Ebersole, also known as John H. Vance, Appellants.**

**Nos. 72–1097, 72–1098.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1972.

Decided June 26, 1972.

Terry W. Guinan, Fort Dodge, Iowa, for appellant Fouchey.

Maurice Breen, Fort Dodge, Iowa, filed typewritten brief for appellant Ebersole.

Evan L. Hultman, U. S. Atty., Russell A. Eliason, Asst. U. S. Atty., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and URBOM, Chief District Judge.

PER CURIAM.

These are direct appeals from the convictions of Fouchey and Ebersole, in a joint trial, of interstate transportation of a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. We affirm the judgments of conviction.

The evidence, viewed in the light most favorable to the Government as the prevailing party in the trial court, Langel v. United States, 451 F.2d 957, 961 (8th Cir. 1971), discloses that either Fouchey or Ebersole or both, stole a car in Kansas City, Missouri and transported it to Mason City, Iowa, where they were apprehended. The evidence further shows that one of the two young boys, who were passengers on this trip, was told by Fouchey in Kansas City, in the presence of Ebersole, that Fouchey had just stolen the car and that both Fouchey and Ebersole drove the car on the trip to Mason City.

Both defendants claim that they should not have been convicted on the uncorroborated testimony of the two young boys because the boys were accomplices. This argument is without merit for two reasons. First, the boys probably could not be considered accomplices. See United States v. Holt, 427 F.2d 1114, 1117 (8th Cir. 1970). In the second place, even if they were accomplices, the rule in this Circuit is clear that a conviction may rest on uncorroborated testimony of an accomplice if that testimony is not otherwise unsubstantial on its face. United States v. Guy, 456 F.2d 1157, 1161, (8th Cir. 1972); United States v. Cole, 449 F.2d 194, 197 (8th Cir. 1971); Harris v. Ciccone, 417 F.2d 479, 487–488 (8th Cir. 1969); Williams v. United States, 328 F.2d 256, 259 (8th Cir. 1964). The testimony of the two boys in this case cannot be considered unsubstantial on its face but was positive, direct and convincing.

Fouchey also contends that the trial court erred in submitting the case to the jury where the record did not show a substantial effect on interstate commerce. This argument likewise is without merit. The Supreme Court upheld the constitutionality of the statute in question in the case of Brooks v. United States, 267 U.S. 432, 439, 45 S. Ct. 345, 69 L.Ed. 699 (1925). The allegation that the defendants in this case may have been joyriding rather than engaging in some commercial venture is without significance. See Lawrence v. United States, 445 F.2d 652, 653 (5th Cir.), cert. denied, 404 U.S. 861, 92 S.Ct. 161, 30 L.Ed.2d 104 (1971), and Mayzak v. United States, 402 F.2d 152, 154 (5th Cir. 1968).

The judgments of conviction are affirmed.