**UNITED STATES of America,
Appellee,**

v.

**Robert Harry MILES, Appellant.**

**No. 72–1623.**

United States Court of Appeals,
Eighth Circuit.

Feb. 14, 1973.

David W. Stempson, Lincoln, Neb., on brief for appellant.

William K. Schaphorst, U. S. Atty., and Daniel E. Wherry, Asst. U. S. Atty., Lincoln, Neb., on brief for appellee.

Before GIBSON, LAY and STE-PHENSON, Circuit Judges.

## PER CURIAM.

Defendant Robert Miles appeals a judgment of conviction having been found guilty to a one-count violation of the Dyer Act, 18 U.S.C. § 2312, for interstate transportation of a stolen vehicle. On appeal defendant asserts that the government failed to meet its burden of proof as to the defendant's requisite knowledge that he was driving a stolen vehicle. The defendant also claims that testimony of the owner of the automobile, who was called as a government witness, was discredited as a matter of law. We affirm.

The facts show that on July 14, 1972, the defendant was arrested by a Syracuse, Nebraska, city policeman at the intersection of Highways No. 2 and 50 near Syracuse, Nebraska, while driving a 1965 Plymouth Fury III, bearing New Mexico license plates No. AKC471. The evidence showed that Mr. Isol Walker of Clayton, New Mexico, owned the automobile in question. It had been reported stolen to the state police in New Mexico on the morning of July 13. The evidence showed that the defendant and Mr. Walker had been working as mill hands at a cattle feeder in Clayton, New Mexico, on July 10, 1972. The two engaged in a discussion regarding a trip to California, and Walker indicated that he was looking for someone to drive the vehicle for him on the trip. The defendant then asked permission if he could drive Walker's car to see whether or not he could "handle it." Walker told him he could drive down to the motel where Miles was staying which was about six or eight blocks away. According to Walker the defendant said he would take it to the motel, "park it, lock it and go to bed" and then meet Walker the next morning at the motel.

The next morning Walker went to the motel and found that the defendant had not slept in the room the night before and that his car was gone. Defendant's contention that the government failed to show that he had the requisite intent to steal the car is without merit. The evidence clearly presented a jury question relating to the unauthorized use. It is well settled law that where a person lawfully obtains possession of an automobile and later forms an intention to convert it to his own use, and in furtherance of that intention transports it across state boundaries, a Dyer Act violation has occurred. United States v. Elliott, 435 F.2d 1013 (8 Cir. 1970); United States v. Ellis, 428 F.2d 818 (8 Cir. 1970); United States v. McLean, 424 F.2d 513 (8 Cir. 1970), cert. denied, 400 U.S. 853, 91 S.Ct. 89, 27 L.Ed.2d 91; United States v. Bruton, 414 F.2d 905 (8 Cir. 1969); Stewart v. United States, 395 F.2d 484 (8 Cir. 1968); Smith v. United States, 385 F.2d 252 (8 Cir. 1967).

Nor is there merit to defendant's second ground of error. The credibility of the government witness is solely within the province of the jury. This is true even though there may be strong

impeaching testimony in a case, for the jury cannot be deprived of their sole prerogative to pass on the credibility of a witness. However, in this case the argument is strictly without merit since our review of the record demonstrates little which serves effectively to impeach the witness.

We note that the defendant did not move for an acquittal at the close of the government's evidence on the basis of insufficient proof. Nor did the defendant in any way attempt to explain to the jury his possession of the car. The guilty verdict the jury reached could hardly have been a surprise to anyone.

The judgment of conviction is affirmed.