**Thomas A. MOODY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 72–1702.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1973.

Decided April 20, 1973.

William D. Sutter, Lincoln, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and Daniel E. Wherry, Asst. U. S. Atty., Lincoln, Neb., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Thomas A. Moody appeals his conviction, based upon a jury verdict, finding him guilty of violating the provisions of 18 U.S.C. § 2312—the Dyer Act. The sole issue on appeal relates to the sufficiency of the evidence. Finding the evidence sufficient, we affirm.

Moody claims on appeal that the Government failed to present sufficient evi-

dence to prove that he transported the stolen auto, or materially assisted in transportation, with knowledge that it was stolen. Moody concedes that the evidence was sufficient to prove the auto was stolen and transported in interstate commerce.

■ As a preliminary matter we note that the "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). This principle is of course applicable to Dyer Act cases. See e. g., United States v. Fouchey, 462 F.2d 585, 586 (8th Cir.), cert. denied, 409 U.S. 884, 93 S.Ct. 174, 34 L.Ed.2d 140 (1972). The evidence, viewed in the light most favorable to the Government, may be briefly summarized as follows:

On May 31, 1972, in Houston, Texas, a 1972 auto was stolen. On June 1, 1972, in Auburn, Nebraska, the stolen car was stopped by a Nebraska State Patrolman. Five people were in the auto, including Moody, who was in the back seat of the car. One of the occupants was a hitchhiker who subsequently was released. Moody, after having been informed of his constitutional rights, stated that he knew the car had been stolen in Houston, but did not know who stole it as it had been parked in front of the place where he resided.

At trial the testimony indicated that three of the occupants of the car and Moody lived together in Houston. Shortly before the car was stolen, the four men decided to go to Chicago, Illinois to seek employment. The alternatives were either to go by bus or "rip off" a car—meaning to steal a car. Moody was present when this last alternative was discussed.

Allen, one of the four men involved here, stole the car in question. He then went to the apartment where the other three lived and picked up Greening and Ondras. The three then went to a friend's house and picked up Moody. After a six-hour stopover in Dallas, the four proceeded north. During the trip from Houston to Dallas, Greening, Allen and Ondras discussed that the car had been stolen. The three could not remember whether Moody heard this discussion. Although Moody did not drive the car, Greening testified that Moody purchased gas for the auto. Allen and Moody testified that Moody did not purchase any gas. At trial Moody explained that he thought the car had been loaned to Allen and indicated that he discovered the car was stolen just shortly before he was apprehended in Nebraska.

■ First, we think the evidence was sufficient to prove guilty knowledge. Shortly before the car was stolen Moody was present when the possibility of stealing a car was discussed so as to provide transportation for the four to Chicago. Moreover, Moody gave contradictory explanations with regard to how the four came into contact with the auto. When he was arrested Moody stated that the 1972 auto was abandoned in front of the men's residence, but at trial Moody claimed that Allen had told him the auto had been loaned to Allen. This evidence also tended to prove guilty knowledge.

■ Second, the evidence is also sufficient to prove that Moody was in joint possession of the auto thus proving the element of transportation. Aside from the fact that there was evidence that Moody had been present when the parties discussed stealing a car and then jointly using it for transportation [which is exactly what happened], there is direct evidence that Moody paid for some of the gasoline expenses. This Court, Baker v. United States, 395 F.2d 368, 369 (8th Cir. 1968), as well as, other courts, Thomas v. United States, 409 F.2d 730, 732 (10th Cir. 1969); Lawrence v. United States, 400 F.2d 624, 626 (9th Cir. 1968), have indicated, directly or indirectly, that the payment of gasoline expenses is an important consideration in determining whether a defendant

may be said to be in possession of an auto for the purpose of determining the element of transportation. Moody claims that the evidence is insufficient because there was a conflict with Greening testifying that Moody did pay for gas, while Allen, also the Government's witness, and Moody testified that Moody did not pay for gas. In essence, Moody attacks the credibility of Greening, indicating that Greening smoked marijuana during the trip. However, as we have recently said, in another Dyer Act case, "The credibility of the government witness is solely within the province of the jury." United States v. Miles, 472 F.2d 1145, 1146 (8th Cir. 1973). Although the contradiction weakened the proof, it did not render the evidence insufficient.

For the reasons hereinbefore expressed, the judgment of conviction is affirmed.